Weygandt, C. J.
 

 Under the provisions of Section 12102-1
 
 et seq.,
 
 General Code, relating to declaratory judgments, was the trial court in error in dismissing
 
 *138
 
 the plaintiff’s petition on the ground that no cause of action was shown?
 

 It must be noted that there is no bill of exceptions in this case. Therefore, the matter is before this court upon only the pleadings and a transcript of the entries ; and although the answer presents new facts, no reply was filed thereto.
 

 The alleged conflict between the terms of the separation agreement and those' of the divorce decree lies in the amount of money to be paid by the. plaintiff to the defendant for her support. The separation agreement provided for $50 per month for the first four months, and then $60 per month until remarriage. The divorce decree ordered the payment of $1200 at the rate of $50 per month. However, in her uncontroverted answer, the defendant alleges that this part of the divorce decree was entered by the trial court over her objection and that later this provision was vacated and set aside.
 

 Furthermore, the plaintiff alleges and the answer admits that at the time the instant suit was filed, there was pending in the Municipal Court of Atlanta, Georgia, another action between these parties and predicated upon this separation agreement; and it is now undisputed that a final judgment has since been rendered by the Georgia court.
 

 The foregoing statement alone constitutes a complete refutation of the plaintiff’s contentions unless the provisions of Section 12102-1
 
 et seq.,
 
 General Code, confer upon the plaintiff" an absolute right to a declaratory judgment. The answer to this is furnished by Section 12102-6, General Code, which reads as follows :
 

 ‘‘ The court may refuse to render, or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the
 
 *139
 
 uncertainty or controversy giving rise to the proceeding.”
 

 In the first place, according to the defendant’s uncontradicted answer, there is in fact no longer a conflict between the terms of the separation agreement and those of the divorce decree. Secondly, the rights of the parties' to the agreement had not only been submitted previously to the Georgia court, but since that time they have been adjudicated by it. The* declaratory judgment act is a salutary, remedial measure and should be liberally construed and applied, but, as in the instant case it does not require a court to render a futile judgment that “would not terminate” any “uncertainty or controversy” whatsoever. Under the circumstances here present it was proper for the trial court to dismiss' the plaintiff’s petition. This it did. The judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.