FIORESI ET AL., APPELLANTS, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

(No. C-840729—Decided July 31, 1985.)

*Richard C. Curry* and *Charles H. Bartlett, Jr.,* for appellants.

*Paxton & Seasongood* and *Melvin J. Kessel,* for appellee.

BLACK, J. We dispose of this appeal *sua sponte* for failure of the trial court to respond as the law requires to a complaint for a declaratory judgment under R.C. Chapter 2721. The trial court granted defendant-appellee's motion to dismiss the complaint under Civ. R. 12(B)(6), for failure to state a claim upon which relief could be granted. This was error, because the court did not determine the issues about the construction of an insurance policy and it did not declare the "rights, status, or other legal relations thereunder," as it is required to do by R.C. 2721.03. It did not render a declaratory judgment.

This failure was not raised as an issue in the trial court or on appeal, but we cannot, in the interest of justice, ignore the failure; nor can we allow an inadequate judgment to stand.

We do not choose to remedy the omission by rendering the judgment the court below should have rendered, under App. R. 12(B), as was done in *Harris, Jolliff & Michel, Inc.* v. *Motorists Mut. Ins. Co.* (1970), 21 Ohio App. 2d 81, 88 [50 O.O.2d 171]. We elect to remand this case to the court of common pleas with instructions to render a declaratory judgment. The practice of summarily terminating actions for declaratory judgment without determining the questions of construction or validity and without declaring "rights, status, or other legal relations thereunder" cannot be allowed to continue.

There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) where there is no real controversy or justiciable issue be-

tween the parties, as in *Driskill* v. *Cincinnati* (1940), 66 Ohio App. 372 [20 O.O. 245]; or (2) when the declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07, as in *Walker* v. *Walker* (1936), 132 Ohio St. 137 [7 O.O. 237]. Neither reason governs the situation *sub judice*.

In the instant case, plaintiffs were insured under an automobile liability policy issued by defendant insurance company that contained an "uninsured motor vehicle" provision entitling the insureds to recover from defendant damages for bodily injury they were legally entitled to collect from the owner or driver of an uninsured motor vehicle, pursuant to R.C. 3937.18. The policy definition of uninsured motor vehicle included a "hit and run" motor vehicle whose owner or driver remained unknown and which *struck* an insured or the vehicle an insured was occupying, and caused bodily injury. The insureds, however, were injured when their automobile swerved to avoid a collision with a motor vehicle that left the scene without stopping. There was no contact between the insureds' vehicle and the "unknown" vehicle.

Plaintiffs asserted in the first count of their complaint that defendant's refusal to pay their claim by reason of the failure of a "hit" or "strike" was wrong because the definition of "hit and run" vehicle is "invalid and/or void and/or voidable" as contrary to public policy and the intent and meaning of R.C. 3937.18.

In the second count, plaintiffs asserted that the exclusion of coverage where there was no "hit" or "strike" is invalid because it was "inconspicuous" and because the purchaser of the policy did not knowingly and voluntarily agree to the exclusion.

Defendant did not file an answer. It filed a motion to dismiss for failure to state a claim upon which relief could be granted. Civ. R. 12(B)(6). Memoranda in support of and in opposition to the motion were filed. The record does not contain any statement by the court of any nature setting forth the court's interpretation of the insurance policy or determining rights under it. There is only the following final order:

"This matter coming on to be heard on the Motion of defendant to dismiss and the Court having considered the authorities submitted by attorneys for the parties, the Court finds that said Motion is well-taken and grants same and orders the complaint dismissed at the costs of the plaintiffs."

This is patently inadequate. We reverse the judgment below and remand this case with instructions to render a declaratory judgment pursuant to law. See *Kramer* v. *West American Ins. Co.* (Oct. 6, 1982), Hamilton App. Nos. C-810829 and C-810891, unreported.

Plaintiffs' single assignment of error asserts error in granting the defendant's motion to dismiss under Civ. R. 12(B)(6). It has merit for the reasons expressed above.

*Judgment reversed*
*and cause remanded*

SHANNON, P.J., and KLUSMEIER, J., concur.