JOURNAL ENTRY AND OPINION
Plaintiff-appellant The Cleveland Electric Illuminating Company ("CEI") appeals from the trial court's granting of defendants-appellees' Civ.R. 12 (B) (6) motion to dismiss CEI's Complaint for Declaratory Judgment and Creditors Bill.[1] For the reasons adduced below, we affirm.
A review of the record on appeal indicates that GET recovered a consent judgment for electrical services in the amount of $59,654.41, with statutory 10% interest from February 19, 1992, plus costs, against Better Meat Products Company on February 25, 1992, in Cuyahoga County Common Pleas Court Case No. 220584. Frank S. Fejes, Jr., either individually or as President of the company, was not a party to that action. Thereafter, several efforts by CEI to execute on that judgment proved unsuccessful.[2]
On January 23, 1997, Frank S. Fejes, Jr. filed a legal malpractice action against counsel who had allegedly performed legal services for Better Meat Products Company and Mr. Fejes in the orderly liquidation of that company and the payment of its creditors. These counsel included: (1) Sindell, Rubenstein, Einbund, Novak Celebrezze; (2) Rubenstein, Novak, Einbund 
Pavlik; (3) Thomas Pavlik; and, (4) Paul N. Misch. See Cuyahoga County Common Pleas Court Case No. 326632. Better Meat Products Company was not a party in the malpractice action. In his malpractice complaint, Mr. Fejes alleged that he, as a guarantor of certain obligations of the company, was a creditor of Better Meat Products Company who was damaged by counsels' negligence. Mr. Fejes also alleged that counsels' services were retained by both he and the company in 1990. According to the docket sheet from the malpractice action provided by appellant, the matter was scheduled for a bench trial on September 21, 1998.
On September 15, 1997, CEI, seeking to protect its monetary judgment against Better Meat Products Company, filed a motion to intervene as a new party plaintiff in the legal malpractice action. Mr. Fejes filed a brief in opposition to intervention on October 3, 1997, and the trial court denied intervention on October 16, 1997, stating in its order, "CEI's judgment is against Better Meat Products Co., not against Frank S. Fejes, Jr. Furthermore, CEI is instructed to file a creditor's bill to protect its interests." See Journal Vol. 2139, page 454. CEI did not file a notice of appeal from the final order represented by the denial of its motion to intervene.[3]
On January 7, 1998, CEI filed the Complaint for Declaratory Judgment and reditors Bill which is the subject of this appeal seeking to enjoin Frank S. Fejes, Jr. from receiving any monies from the defendants in the malpractice action until such time as CEI's judgment in Case No. 220584 had been paid in full, and requesting that the trial court issue an order directing those defendants in the malpractice action to pay any monies due Frank S. Fejes, Jr. or Better Meat Products Company to CEI up to the amount necessary to fully satisfy the judgment in Case No. 220584. CEI's Complaint alleged: that as of December 5, 1997 the balance owed on the judgment in Case No. 220584 was $92,079.50; that the judgment debtor in Case No. 220584, Better Meat Products Company, had no real or personal property sufficient to satisfy that judgment; and that any monies Frank S. Fejes, Jr. would realize in the malpractice action was rightfully due Better Meat Products Company, not Fejes, because the legal services were performed for Better Meat Products Company and any damages flowing from legal malpractice were sustained by Better Meat Products Company. On February 24, 1998, defendants Better Meat Products Company and Frank Fejes, Jr. filed a motion to dismiss the declaratory judgment complaint pursuant to Civ.R. 12 (B) (6). On March 16, 1998, CEI filed a brief in opposition to dismissal, attaching a copy of the Fejes malpractice complaint as an exhibit. On April 14, 1998, the trial court granted the motion to dismiss by status form half-sheet entry without elucidation, determining that the case was "an improper action to be resolved by declaratory relief pursuant to R.C. 2721.02 et seq." See Journal Vol. 2204, page 208.
This appeal presents the following lone assignment of error:
 WHETHER OR NOT THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED DEFENDANTS-APPELLEES BETTER MEAT PRODUCTS CO. AND FRANK S. FEJES JR.'S MOTION TO DISMISS THE PLAINTIFF-APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT AND CREDITOR'S BILL.[4]
Appellate review of a ruling on a motion to dismiss for failure to state a claim presents a question of law, which we will decide independently of the trial court's determination. Steiner v.Steiner (1993), 85 Ohio App.3d 513, 620 N.E.2d 152. A complaint is sufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. O'Brien v. Univ. Community Tenants Union
(1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.
As provided in Weyandt v. Davis (1996), 112 Ohio App.3d 717,721:
 A complaint by which a declaratory judgment has been sought is not properly dismissed for failure to state a claim upon which relief can be granted based upon a conclusion that the plaintiff's position on the merits of his or her claim is incorrect. Rather, such a complaint may be dismissed for failure to state a claim upon which relief can be granted only if (1) no real controversy or justiciable issue exists between the parties, or (2) the declaratory judgment will not terminate the uncertainty or controversy. Miller v. Summit Cty. Ed. of Edn. (Apr. 7, 1993), Summit App. No. 15847, unreported, at 3, 1993 WL 99998, citing Fioresi v. State Farm Mut. Auto. Ins. Co. (1985), 26 Ohio App.3d 203, 203-204, 26 OBR 424, 424-425, 499 N.E.2d 5, 5-7. Otherwise, the plaintiff is entitled to a declaration of the parties' rights. Miller, supra, at 3.
For purposes of a declaratory judgment action, a "controversy" exists when there is a genuine dispute between parties having adverse legal interest, of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment. Burger BrewingCo. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93.
In the case sub judice, there is no controversy which exists between CEI and Frank S. Fejes, Jr. CEI's controversy, in the matter of who is legally obligated to pay the debt owed CEI as a result of the judgment in Case No. 220584, is with Better Meat Products Company. It is a little late in the game and improper legal pleading to attempt to pierce the corporate veil and hold Mr. Fejes individually liable for the debts of the Better Meat Products Company. Such should have been attempted during Case No. 220584, an appeal from the denial of intervention in the malpractice action, or the successful prosecution of a separate action against Mr. Fejes as an officer of the company holding him individually liable for the debts of Better Meat Products Company.
The second test for dismissal of a declaratory judgment has also been satisfied. The issuance of a declaratory judgment will not terminate the controversy herein because there is no debt controversy to terminate between CEI and Frank S. Fejes, Jr.; CEI's judgment debtor at this time is Better Meat Products Company, not Frank S. Fejes, Jr.
Assignment overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
DIANE KARPINSKI, PJ., and PATRICIA A. BLACKMON, J., CONCUR.
 ____________________ JAMES D. SWEENEY JUDGE
[1] Defendants-appellees include the following: (1) Better Meat Products Company; (2) Frank S. Fejes, Jr.; (3) Paul M. Misch; (4) Rubenstein, Novak, Einbund Pavlik; (5) Thomas Pavlik; and, (6) Sindell, Rubenstein, Einbund, Pavlik, Novak Celebrezze.
[2] In May of 1992, CEI successfully intervened in ProvidentBank v. Better Meat Products Co., Cuyahoga County Common Pleas Court Case No. 222811, but could not execute on its prior judgment because the court determined, in an agreed judgment entry by the parties, that CEI's judgment lien resulting from Case No. 220584 was barred by the doctrine of lis pendens. A second example of CEI's inability to collect on the judgment occurred in March of 1996 when a deposition of the judgment debtor (Better Meat Products Company) taken in aid of execution failed to lead to assets subject to execution. See the defendants' February 24, 1998 motion to dismiss, at 1.
[3] It is now too late for CEI to intervene in that case because the malpractice action has been terminated. The computerized docket of the malpractice action indicates that the action was settled and dismissed with prejudice at plaintiff's costs on February 10, 1999. See Journal Vol. 2307, page 929.
[4] CEI does not argue whether dismissal was warranted relative to the remaining four defendants-appellees.