OPINION
This appeal arises from a judgment of the Court of Common Pleas of Union County, granting a Civ.R. 12(B)(6) motion for dismissal upon a complaint for declaratory relief. Because we find the dismissal erroneous under these circumstances, we reverse the judgment of the trial court and remand the matter for further proceedings.
Plaintiff-Appellant, Robert Johnson, is a full-time bus mechanic employed by Defendant-Appellee, North Union Local School District Board of Education. On October 27, 1999, Appellant filed an action for declaratory relief, requesting the court to declare that he is entitled to vacation time under the Ohio Revised Code, and that by adhering to its policy to deny Appellant's requests to take vacation during the school year, Appellee is in violation of R.C. 3319.084. This particular statute provides, in relevant part:
 In all school districts each full-time nonteaching school employee including full-time hourly-rate and per diem employees, after service of one year with a board of education, shall be entitled, during each year thereafter, while continuing in the employ of such board of education, to vacation leave with full pay for a minimum of two calendar weeks, excluding legal holidays. * * *
 Appellee responded to the complaint by filing a motion to dismiss pursuant to Civ.R. 12(B)(6). Appellee argued that the above statute only provides for the accrual of vacation time, and that several other sections of the Ohio Revised Code permit a board of education to exercise discretion in these instances. Thus, the school board argued that Appellant's claim must fail because there is "no legal basis for an employee to require a school district to allow him to take vacation days at any time he pleases."
Appellant filed a response, claiming that while he agrees with the notion that a board of education should have the discretion to approve employee vacation schedules, such discretion should not be without limits, and that the repeated denials of his vacation time during the school year constitutes an abuse of discretion. Thereafter, the trial court issued a judgment entry on December 27, 1999, dismissing the instant action for the reasons stated in Appellee's motion. Appellant then filed this timely appeal, asserting a single assignment of error for our review.
 The court below erred in granting Appellee North Union Local School District Board of Education's motion to dismiss.
 Appellant cites three separate arguments in support of this assignment of error, however, the procedural history of this case renders it unnecessary to reach the merits of these specific assertions. Although it was not argued in the trial court or on appeal, in the interest of justice we have elected to dispose of this matter by sua sponte raising the trial court's failure to follow the law regarding declaratory judgments under R.C. Chapter 2721. Accord Fioresi v. State Farm Mut. Aut. Ins. Co. (1985), 26 Ohio App.3d 203.
R.C. 2721.03 provides the following:
 Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status or other legal relations are affected by a constitutional provision, statute, rule * * *, municipal ordinance, township resolution, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. [Emphasis added]
 Although a trial court is not entirely barred from dismissing this type of action without determining the issues and declaring a plaintiff's "rights, status, or other legal relations thereunder", such measures should be taken only under limited circumstances:
 There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) where there is no real controversy or justiciable issue between the parties * * *; or (2) when the declaratory judgment will not terminate the uncertainty or controversy under R.C. 2721.07 * * *.
 Fioresi at 26 Ohio App.3d 203-204.
Neither of these exceptions applies here. See Driskill v.Cincinnati (1940), 66 Ohio App. 372 (holding that a real controversy does not exist if harm to the plaintiff is dependent upon hypothetical future events); and Walker v. Walker (1936),132 Ohio St. 137 (holding that a court may refuse to render a declaratory judgment when a conflict no longer exists between the parties and their rights have been previously adjudicated in another jurisdiction).
In the instant case, Appellant essentially requested the trial court to interpret R.C. 3319.084 so as to declare that the vacation entitlement is not limited to the summer months. Instead, the trial court issued a general statement of dismissal without providing any explanation of the statute. As the Hamilton County Court of Appeals stated, "[t]his is patently inadequate."Fioresi at 26 Ohio App.3d 204.
For these reasons, Appellant's assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is reversed and the matter is remanded with instructions to render a declaratory judgment pursuant to law.
Judgment reversed and caused remanded.
 ______________________________ WALTERS, PRESIDING JUDGE
 BRYANT and SHAW, JJ., concur.