This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James R. Newton ("Newton"), appeals the decision of the Lorain County Court of Common Pleas granting appellee, the Ohio Adult Parole Authority's ("APA"), motion to dismiss the case. We reverse.
 I.
On February 27, 1995, Newton pleaded guilty on two charges of gross sexual imposition in violation of R.C. 2907.05(A)(4). The trial court sentenced him to concurrent sentences of two to ten years. On May 6, 1996, the APA held Newton's initial parole eligibility hearing. The APA determined that Newton was not eligible for parole and set his next hearing date for July 2001. In December 1998, a hearing officer reviewed Newton's file and determined that there was no need for a hearing before July 2001.
On August 11, 2000, Newton filed a complaint against the APA seeking a modification of his sentence. On August 30, 2001, Newton filed an amended complaint pursuant to Civ.R. 15 and 57.[1] The APA moved the trial court to dismiss the complaint for failure to state a claim upon which relief could be granted. Newton moved the trial court for summary judgment and the APA responded. On December 26, 2000, the trial court granted the APA's motion to dismiss the case.
This appeal followed.
 II.
Assignments of Error:
 The Lorain County Court of Common Pleas committed the following errors:
 1) The trial court erred in dismissing the complaint filed for a declaratory judgment. And the complaint filed pursuant [to] Civil Rule 57.
 2) The court erred in not defining the contract in dispute, authorized by that court. And agreed upon by the State of Ohio, of which, this appeal is borne.
 3) The court erred in not declaring the right(s) of the Plaintiff-Appellant, being;
 His constitutional right of due process [and] equal protection.
 His right to have his sentence imposed by said court; diminished by good time [and] earned credit.
 4) The court erred in not declaring these said right(s). And by doing so; [sic]
 5) The trial court too, has deprived the Plaintiff-Appellant his constitutional [rights] to due process and equal protection. And as [of] a result, a [GRIEVOUS] LOSS OF HIS LIBERTY INTEREST(S) ALSO GUARANTEED IN OUR CONSTITUTION(S).
 6) WHEREFORE, The Lorain County Court of Common Pleas, has caused prejudice to the Plaintiff-Appellant.
In the present case, the trial court dismissed rather than determined Newton's original claim for declaratory judgment. It is error for a trial court to dismiss a complaint requesting a declaratory judgment unless it states that either (1) there is no real controversy or justiciable issue between the parties, or (2) the declaratory judgment will not terminate the controversy. Miller v. Summit Cty. Bd. of Edn. (Apr. 7, 1993), Summit App. No. 15847, unreported, at 3, citing Fioresiv. State Farm Mut. Auto. Ins. Co. (1985), 26 Ohio App.3d 203, 203-204. The "dismissal of the declaratory judgment complaint for failure to state a claim without specifying one of the two allowable bases is error."Miller, Summit App. No. 15847, unreported, at 3. We note that a failure to state either basis can constitute harmless error if the trial court actually declares the party's rights in its judgment. Id.
In the instant case, the trial court dismissed the complaint stating:
 [h]aving reviewed Defendant's Motion to Dismiss and Plaintiff's Motion Contra, the Court finds Defendant's motion to be well taken. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Plaintiff's claims are dismissed.
The trial court has neither declared Newton's rights nor dismissed the complaint based on: 1) there being no real controversy or justiciable issue or 2) that the declaratory judgment will not terminate the controversy. Accordingly, Newton's assignment of error as it relates to the dismissal of his declaratory judgment is sustained. Based on our disposition of the dismissal of Newton's complaint, we find that Newton's remaining issues on appeal are premature. The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
BATCHELDER, P.J. CONCURS.
[1] The record reflects that Newton's filing was captioned as a "motion to make amendment to complaint." Civ.R. 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a response pleading is served[.]" At the time of the filing of the amended complaint, the APA had not yet responded to Newton's complaint. Therefore, Newton's complaint was amended as a matter of course. Civ.R. 15(A).