OPINION
{¶ 1} R. Joseph Ungers and Harold Corey ("appellants") appeal the dismissal of their cross-claim filed against Convenient Food Mart Inc. ("appellee"). Appellants' cross-claim was dismissed pursuant to Civ.R. 12(B)(6) on the grounds that appellants failed to state a claim upon which relief could be granted. For the following reasons, we reverse the decision of the trial court in this matter.
 {¶ 2} On December 14, 1987, appellee leased commercial property located in Mentor, Ohio from appellants. The original length of the lease was fifteen years and had an expiration date of July 31, 2003. Furthermore, the 1987 lease granted appellee two successive five-year options to extend the term of the lease. In April of 1996, plaintiff First Merit agreed to sublease the property from appellee. The record indicates that the sublease was set to expire on July 31, 2003, the same expiration date as the original lease.
 {¶ 3} In addition to entering into the sublease with appellee, First Merit also entered into an agreement with appellants in April of 1996. This agreement attempted to amend the terms of the 1987 lease naming First Merit as the new lessee beginning August 1, 2003, the day after appellee's original term expired. Under the terms of this three-year agreement, First Merit was also granted two successive five-year options to extend the term of the lease. However, neither the 1996 sublease, between First Merit and appellee, nor the 1996 agreement, between First Merit and appellant, addressed the status of appellee's successive five-year options as contained in the original 1987 lease between appellee and appellant.
 {¶ 4} Subsequently, and pursuant to the terms of the 1996 sublease with appellee, First Merit sought appellee's consent to sub-lease the property, in addition to appellee's acknowledgment that the original five-year options contained in the 1987 lease had been terminated. Appellee refused to acknowledge that the options were terminated, and demanded $100,000 in exchange for such an acknowledgement. First Merit then brought suit against appellee and appellants, seeking reformation of the 1996 sublease with appellee, and claiming anticipatory breach against appellants with regards to their 1996 agreement. Appellants then filed their cross-claim seeking reformation of the 1987 lease with appellee, and the 1996 sublease between First Merit and appellee. Appellants also prayed for declaratory relief against appellee claiming that appellee had no enforceable options on the property in question.
 {¶ 5} Subsequently, appellee filed its motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). In that motion, appellee argued that no writing existed as to the termination of its options under the 1987 lease. Appellee also argued that appellants were not parties to the 1996 sublease between appellee and First Merit, and as a result, had no standing to move for reformation of the sublease. The trial court granted appellee's motion to dismiss on Nov. 7, 2001. This timely appeal followed. Appellants assert the following assignment of error for our review:
 {¶ 6} "[1.] Whether or not the trial court erred as a matter of law when it granted the appellee's motion to dismiss for failure to state a claim upon which relief can be granted."
 {¶ 7} Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo. Hunt v. MarksmanProd., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762. "A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory."Fahnbulleh v. Strahan, 73 Ohio St.3d 666, at 667, 1995-Ohio-295. Therefore, in order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that appellants could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in their favor. State ex rel. Kaylor v. Bruening (1997), 80 Ohio St.3d 142,144.
 {¶ 8} In their cross-claim, appellants initially sought reformation of the 1987 lease between appellants and appellee, as well as the reformation of the 1996 sublease between First Merit and appellee. Appellants argued that the facts contained in their cross-claim support the theory that appellants are third party beneficiaries of the 1996 sublease. It is also uncontroverted that appellants are parties to the 1987 lease with appellee.
 {¶ 9} A party seeking reformation of a contract must actually be a party to the contract or an intended third party beneficiary of the contract it seeks to have reformed. Trinova Corp. v. Pilkington Bros.P.L.C. (1994), 70 Ohio St.3d 271. Our independent review of the record indicates that appellants were a party to the 1987 lease agreement with appellee. Therefore, as to the 1987 lease, appellants, as parties to the agreement, are entitled to seek relief from the 1987 lease. The facts contained in appellants' cross-claim are arguably sufficient to support a claim for relief such as reformation. Thus, the trial court erred in dismissing appellants cross-claim pursuant to Civ.R. 12(B)(6).
 {¶ 10} As to the issue of the 1996 sublease, appellants claim that they are indeed third party beneficiaries to the sublease between appellee and First Merit. An intended third party beneficiary has enforceable rights under the contract only when the contracting parties expressly intend that a third party should benefit from the contract.Hill v. Sonitrol of Southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36;Construction Advancement Program v. A. Bentley Sons Co. (1975),45 Ohio App.2d 13, 17.
 {¶ 11} Appellants submit in their cross-claim that the terms of the sublease between appellee and First Merit enabled appellants to enter into the 1996 agreement with First Merit regarding the subsequent August 1, 2003 lease. Appellants support this claim with a letter, dated February 5, 1996, in which appellee Convenient's representative specifically states that in conjunction with the 1996 sublease, appellants would be able to enter into an agreement with First Merit "commencing on August 1, 2003, which is the date Convenient's term expires." This letter was also included as part of appellants' cross-claim labeled "Exhibit D". The letter also refers to the 1996 agreement between appellants and First Merit as a "basic form addendum", which could keep "the initial lease in tact."
 {¶ 12} Based on the above, we conclude that the facts contained in appellants' cross-claim, in addition to the letter contained in "Exhibit D", are arguably sufficient to support a claim for relief in the context of an intended third-party beneficiary theory. As all of the above information and inferences can be drawn from appellants' cross-claim, we hold that the trial court erred in dismissing appellants' cross-claim pursuant to Civ.R. 12(B)(6). We also note that surviving a motion to dismiss does not guarantee success at the conclusion of the litigation. It only provides the right to proceed further.
 {¶ 13} Appellants also sought declaratory relief in their cross-claim. In doing so, appellants assert that based on the above-mentioned agreements, appellee surrendered its rights to the successive five-year options contained in the 1987 lease.
 {¶ 14} A court can dismiss a declaratory judgment action under Civ.R. 12(B)(6) for only two reasons: (1) where there is no real controversy or justiciable issue between the parties, or (2) when thedeclaratory judgment will not terminate the uncertainty or controversy.AEI Group Inc. v. Ohio Dept. of Commerce (1990), 67 Ohio App.3d 546,550, citing Fioresi v. State Farm Mut. Auto Ins. Co. (1985),26 Ohio App.3d 203, 204.
 {¶ 15} The primary issue between all of the parties involved in this case is whether appellee has surrendered its rights to the successive five-year options contained in the 1987 lease with appellants. Appellants state in their cross-claim that based on the letter they received from appellee Convenient's representative, they proceeded to enter into the 1996 agreement with First Merit. Based on that letter, we conclude that a controversy exists as to whether appellee Convenient was surrendering its five-year options under the 1987 lease, and that a declaratory judgment in this case would terminate said controversy. Therefore, we hold that the trial court erred in dismissing appellants' cross-claim for declaratory relief under Civ.R. 12(B)(6).
 {¶ 16} Based on the foregoing reasons, we hold that appellants' sole assignment of error is with merit. The decision of the Lake County Common Pleas Court is hereby reversed and this cause remanded for proceedings consistent with this opinion.
DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.