OPINION
{¶ 1} On March 28, 1996, appellant, Dewight White, pled guilty to two counts of burglary in violation of R.C. 2911.12 and three counts of theft in violation of R.C. 2913.02. By judgment entry filed April 3, 1996, the trial court sentenced appellant to a total aggregate term of three and one half to fifteen years in prison.
 {¶ 2} On April 19, 2004, appellant filed a petition for declaratory judgment and injunctive relief against appellee, Gary Croft, Chair of the Ohio Adult Parole Authority, requesting a parole hearing and release. Appellant claimed when he pled guilty, he had been promised a parole hearing upon completion of two-thirds of his sentence and further, he would be granted parole. Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on May 26, 2004. By judgment entry filed November 4, 2004, the trial court granted said motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed reversable (sic) error to the prejudice of appellant and violated his constitutional due process rights as guaranteed under the united states constitution, and article 1, section 16, of the ohio constitutio, (sic) when the trial court dismissed appellant's petition for declaratory judgment and injunctive relief, pursuant to R.C. 2721, et seq. where appellant's petition stated a real controversy and justicable (sic) issue exists between the parties; and petitioner stated: (1) a real controversy between the parties; (2) a controversy which is justiciable in character, and, (3) a situation where speedy relief is necessary to preserve the right of the parties."
 II {¶ 5} "The trial court abused its discretion by dismissing appellant's petition without a trial as required by law, such prejudiced appellant and a denial of his due process rights under the fourteenth amendment U.S.C. and article I, section 16, of the state of ohio constitution, as appellant has a constitutional right to a trial and a right to be heard before a court of law as of right."
 III {¶ 6} "The trial court erred to the prejudice of appellant, when it construe (sic) appellant's petition for declaratory judgment, and injunctive relief, pursuant to R.C. 2721, et seq, as a petition for habeas corpus, despite the fact that appellant properly captioned his petition as a petition for declaratory judgment and injunctive relief, pursuant to R.C. 2721 et seq. the trial court further mis construe (sic) appellant's claim as a claim for parole, despite the fact that appellant clearly stated in his claim, his right to parole hearing upon the completion of 2/3 of his minimum sentence imposed by the trial court."
 I, II, II {¶ 7} Appellant claims the trial court erred in granting appellee's motion to dismiss. We disagree.
 {¶ 8} In his complaint for declaratory and injunctive relief, appellant requested a parole hearing, release on parole and credit for "over due time," and any applicable injunctive relief.
 {¶ 9} "There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) where there is no real controversy or justiciable issue between the parties, as in Driskill v. Cincinnati (1940), 66 Ohio App. 372,34 N.E.2d 241; or (2) when the declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07, as in Walker v.Walker (1936), 132 Ohio St. 137, 5 N.E.2d 405." Fioresi v. State FarmMutual Auto Insurance Company (1985), 26 Ohio App.3d 203, 203-204.
 {¶ 10} The motion to dismiss was based upon (1) appellant's failure to submit with his complaint a required affidavit pursuant to R.C. 2969.25(A); (2) the complaint's failure to allege a constitutional right to parole; and (3) appellant may already have a breach of contract or plea agreement claim as a member of a class action in Ankrom v. Hageman, Franklin C.P. No. 01CVH021563.
 {¶ 11} In its judgment entry filed November 4, 2004, the trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6) for the following reasons:
 {¶ 12} "Habeas corpus relief is only applicable if the plaintiff/petitioner is entitled to immediate release. * * * That is not the case here because the plaintiff/petitioner is actually serving his 3½ to 15 year sentence. He is not entitled to an immediate release from incarceration.
 {¶ 13} "The plaintiff/petitioner's argument is without merit. Mr. White does not contend that his sentence has expired, because he knows that it has not. It is well settled law in Ohio (1) that a prisoner has no constitutional or inherent right to be released before the expiration of a valid sentence and (2) that the decision to grant parole is totally within the discretion of the defendant/respondent parole board. * * * This court has repeatedly rejected that argument that the parole board is, in effect, resentencing the prisoner. * * *" (Footnotes omitted.)
 {¶ 14} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber
(1991), 57 Ohio St.3d 56.
 {¶ 15} As noted by the trial court and as demonstrated by Exhibit A attached to appellant's complaint, appellant's April 3, 1996 sentence of three and one half to fifteen years had not expired by the time of the filing of the complaint on April 19, 2004. Although appellant argues his complaint was not a habeas corpus action, he did request immediate release in his prayer for relief which is tantamount to a habeas corpus request. State ex rel. Jackson v. McFaul, 73 Ohio St.3d 185, 1995-Ohio-228.
 {¶ 16} The complaint also requested an "immediate Parole Board hearing." Declaratory judgment is not the appropriate vehicle to force an official to perform "an act which the law specially enjoins as a duty resulting from an office, trust, or station," mandamus is. R.C. 2731.01.
 {¶ 17} Appellant requested immediate "parole." Appellant has no statutory or constitutional right to parole or early consideration of parole. Vaughn v. Ohio Adult Parole Authority, 85 Ohio St.3d 378,1999-Ohio-394.
 {¶ 18} The denial of parole or the failure to afford a prisoner a parole hearing does not deny a prisoner his/her "liberty" as parole in Ohio is discretionary. State ex rel. Ferguson v. Ohio Adult ParoleAuthority (1989), 45 Ohio St.3d 355. See also, State ex rel. Hattie v.Goldhardt, 69 Ohio St.3d 123, 1994-Ohio-81, and Jago v. Van Curen (1981)454 U.S. 14.
 {¶ 19} Upon review, we find the trial court could properly dismiss the complaint from a review of the complaint itself. The complaint failed to allege a valid habeas corpus claim, a recognizable right and a proper cause of action to force a parole hearing.
 {¶ 20} Assignments of Error I, II and III are denied.
 {¶ 21} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J. Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.