[Cite as *FRC Project, L.L.C. v. Canepa Media Solutions, Inc.*, 2013-Ohio-259.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97845**

---

# FRC PROJECT, L.L.C.

PLAINTIFF-APPELLANT

vs.

# CANEPA MEDIA SOLUTIONS, INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-763900

**BEFORE:** Celebrezze, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEY FOR APPELLANT**

Orville E. Stifel, II
5310 Franklin Boulevard
P.O. Box 602780
Cleveland, Ohio   44102


**ATTORNEY FOR APPELLEES**

Daniel Thiel
75 Public Square
Suite 650
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, FRC Project, L.L.C. ("FRC"), appeals the dismissal of its declaratory judgment action seeking to enjoin the enforcement efforts by Canepa Media Solutions, Inc. ("Canepa") for a judgment Canepa obtained against a third party. FRC argues that its complaint adequately stated a claim for relief and that the trial court erred in dismissing it based on Civ.R. 12(B)(6). After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} Canepa filed an action in Rocky River Municipal Court that resulted in a judgment against Peneventures, Inc. ("Peneventures") for $15,000. Penny Dixon is the corporation's sole officer and shareholder. In July 2011, just short of two years after obtaining this judgment, Canepa transferred it to the Cuyahoga County Common Pleas Court and obtained a writ of execution directing the sheriff to levy upon and seize all property located at 19102 Old River Road in Rocky River, Ohio. This was the business location of Peneventures, now being operated by FRC. FRC asserts that it is the owner of all property and inventory at this location. FRC is an Ohio limited liability company formed in 2004, and its sole member is Debra Dixon, Penny Dixon's daughter. FRC also obtained a license to use the "Pen-E-Ventures" trade name from Peneventures. FRC was notified of the writ of execution by Canepa and asserted that the property Canepa was attempting to seize was not owned by Peneventures. FRC informed Canepa's attorney,

Daniel Thiel, that Canepa had no judgment against FRC and that any seizure of its property would be illegal. According to FRC, Thiel indicated the writ of execution would still be carried out.

{¶3} Rather than filing a motion to quash the writ or availing itself of statutory provisions for the protection of property of third parties wrongly seized by the sheriff, on September 8, 2011, FRC filed a complaint seeking declaratory judgment, damages, and injunctive relief against Attorney Thiel and Canepa. The action alleged attempted trespass and conversion as well as civil rights actions under 42 U.S.C. 1983 and 1988. It sought an injunction, compensatory and punitive damages, and attorney fees.[1] Canepa filed a motion to dismiss for failure to state a claim on September 28, 2011. We note that as a result of FRC's declaratory complaint, Canepa filed a separate action in the Cuyahoga County Common Pleas Court alleging fraudulent transfer of assets against Peneventures and FRC. The writ of execution was returned by the sheriff unfulfilled, and Canepa filed a second motion to dismiss FRC's declaratory judgment action as moot.

{¶4} On December 20, 2011, the trial court granted Canepa's first motion to dismiss, finding:

> There is no basis in law or equity to award the relief sought against defendant Daniel Thiel, Esq., who is alleged to have acted solely in his capacity as attorney for defendant Canepa Media Solutions Inc. Furthermore, Plaintiff's allegations of "threatened" trespass and conversion do not state a claim for trespass and conversion; and there is neither state action nor a state actor against whom an action under 42 U.S.C. 1983 and

---

[1] 42 U.S.C. 1988 allows a successful plaintiff asserting a cause of action under 42 U.S.C. 1983 and other similar sections to recover attorney fees.

1988 can lie. Finally, to the extent that a claim for declaratory relief is deemed to have been raised, the court dismisses such claim: "[D]eclaratory judgment is inappropriate when, as in the instant matter, a resolution of the controversy depends greatly upon a determination of the facts of the case * * * especially when the same facts are at issue in a pending action." *Therapy Partners of Am., Inc. v. Health Providers, Inc.,* 129 Ohio App.3d 572, 578 (1998); accord *Baker v. Miller*, 33 Ohio App.2d 248, 249 (1972), quoting *Smith v. Civil Service Comm.*, 158 Ohio St. 401, 402 ("'Where the resolution of the controversy involved in an action for declaratory judgment depends largely on a determination of facts * * * the trial court, in the exercise of sound discretion, may either entertain or not entertain such an action.'"). * * * Furthermore, plaintiff is not a "prevailing party" for purposes of attorneys' fees.

**{¶5}** FRC then timely appealed the dismissal to this court assigning two errors:

I. The trial court erred in dismissing this case for failure to state a claim upon which relief can be granted, [where] the complaint alleged good causes of action under both state and federal law.

II. The trial court erred in dismissing FRC's complaint with prejudice.

## II. Law and Analysis

### A. Motion To Dismiss

**{¶6}** FRC's action was dismissed for failure to state a claim on which relief could be granted pursuant to Civ.R. 12(B)(6). A motion to dismiss for failure to state a claim on which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991).

**{¶7}** While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989). In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**{¶8}** Normally, because factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. *Hunt v. Marksman Prods.,* 101 Ohio App.3d 760, 762, 656 N.E.2d 726 (9th Dist.1995). A de novo standard of review affords no deference to the trial court's decision, and we independently review the record. *Gilchrist v. Gonsor*, 8th Dist. No. 88609, 2007-Ohio-3903, ¶16. However, Ohio's declaratory judgment statutes give the trial court discretion to reject a plea for declaratory relief where a ruling "would not terminate the uncertainty or controversy giving rise to the action." R.C. 2721.07.

**{¶9}** A proper claim for declaratory judgment must set forth sufficient facts to show "(1) a real controversy between the parties; (2) a controversy which is justiciable in character; and (3) a situation in which speedy relief is necessary to preserve the rights of the parties." *Peat Marwick Main & Co. v. Elliott*, 10th Dist. No. 90AP-921, 1991 Ohio App. LEXIS 101, *4-5 (Jan. 10, 1991), citing *Burger Brewing Co. v. Liquor Control*

*Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973); *Buckeye Quality Care Ctrs., Inc. v. Fletcher*, 48 Ohio App.3d 150, 154, 548 N.E.2d 973 (10th Dist.1988). However,

> there are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ.R. 12(B)(6): (1) where there is no real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07.

*Fioresi v. State Farm Mut. Auto. Ins. Co.*, 26 Ohio App.3d 203, 499 N.E.2d 5 (1st Dist.1985), syllabus. If neither is satisfied, then "the court is required to issue a judgment declaring the rights or legal relations, or both, of the parties, and the court errs when it dismisses the complaint for failure to state a claim under Civ.R. 12(B)(6)." *Id.*

{¶10} Turning to FRC's complaint, the trial court ruled that FRC failed to demonstrate why attorney Thiel could be sued individually. "'An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously.'" *Petrey v. Simon*, 19 Ohio App.3d 285, 287-288, 484 N.E.2d 257 (1st Dist.1984), quoting *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d 158 (1984), paragraph one of the syllabus. Malicious conduct has been defined in the governmental immunity context as the "'willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified.'" *Hicks v. Leffler*, 119 Ohio App.3d 424, 428-429, 695 N.E.2d 777 (10th Dist.1997), quoting *Jackson v. Butler Cty. Bd. of Cty. Commrs.*, 76 Ohio App.3d 448, 453-454, 602 N.E.2d 363 (12th Dist.1991).

{¶11} Here, attorney Thiel filed a writ of judgment with the common pleas court attempting to enforce his client's rights seeking the attachment of property belonging to Peneventures. FRC's complaint fails to allege any malicious actions that would expose Thiel to suit individually. Thiel was attempting to satisfy a validly obtained judgment by causing a writ of execution to be issued on the former business location of the judgment debtor where the same business appeared to be operating and to seize property belonging to Peneventures only. Therefore, the trial court did not err in granting Thiel's motion to dismiss.

{¶12} The trial court also dismissed FRC's 42 U.S.C. 1983 claim. This action was premised on the use of the courts and the local sheriff to enforce a judgment.

{¶13} In order "'[t]o state a claim for relief in an action brought under [Section] 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" *Grybosky v. Ohio Civ. Rights Comm.*, 11th Dist. No. 2010-A-0047, 2011-Ohio-6843, ¶ 36, quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

{¶14} Here, there has been no deprivation of any right. Therefore, there can be no successful Section 1983 action. There has been no action, by the state or otherwise. While a writ had been issued to the sheriff's office and execution proceedings were imminent, that does not give rise to a Section 1983 action, which requires such a deprivation in order to succeed. Likewise, there has been no trespass or conversion. As

the trial court recognized, there is no justiciable claim for threatened trespass or threatened conversion.

**{¶15}** In terms of the injunction FRC also seeks, "[t]he party seeking a permanent injunction must demonstrate by clear and convincing evidence that they are entitled to relief under applicable statutory law, that an injunction is necessary to prevent irreparable harm, and that no adequate remedy at law exists." *Acacia on the Green Condominium Assn. v. Gottlieb*, 8th Dist. No. 92145, 2009-Ohio-4878, ¶ 18, citing *Proctor & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 268, 747 N.E.2d 268 (1st Dist.2000).[2]   That is not the case here.

**{¶16}** FRC possessed adequate, alternate means of protecting its rights. It could have filed a motion to intervene and quash the writ of execution. It could have also availed itself of the provisions of R.C. 2329.84. FRC now argues that similar statutes have been held unconstitutional and it should not be required to rely on this unconstitutional remedy. However, no controlling case has held that R.C. 2329.84 is unconstitutional. In fact, both the Ohio Supreme Court and a federal district court for Ohio have examined the statute and found it constitutional. *Ryan v. Carter*, 67 Ohio St.3d 568, 1993-Ohio-168, 621 N.E.2d 399; *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists*, S.D. Ohio No. 2:05-MC-0002, 2006 U.S. Dist. LEXIS 74894 (Oct. 16, 2006). FRC cites to case law

---

[2] Also, "in the exercise of its discretion, the court may refuse a declaratory judgment when it deems that rights may be fully protected through other available remedies." *Schaefer v. First Natl. Bank*, 134 Ohio St. 511, 518, 18 N.E.2d 263 (1938).

dealing with prejudgment attachment statutes, but these cases are not applicable here. This is not a prejudgment attachment situation, but, according to FRC's complaint, an attachment of property that may belong to a third party according to a valid judgment. The attachment statute contemplates that occurrence and provides a remedy. FRC could also move to quash the writ prior to any attachment. FRC has various alternative and adequate remedies making the argument that injunctive relief is necessary all the weaker.

{¶17} Further, the trial court may decline to entertain a declaratory judgment action where a ruling "would not terminate the uncertainty or controversy giving rise to the action." R.C. 2721.07. At oral arguments, FRC indicated that the declaratory judgment action in this case relates to the constitutionality of R.C. 2329.84, even though that statute is not found in its complaint. The constitutionality of R.C. 2329.84 is not determinative in this case because FRC has additional remedies at law cited above. Therefore, the trial court did not err when it declined to address this issue, even if such arguments were contained in FRC's complaint.

{¶18} The trial court did not err in dismissing FRC's declaratory judgment action.

### B. Dismissal with Prejudice

{¶19} FRC next argues that the trial court erred when it dismissed the action with prejudice. "[A] ruling on a Civ.R. 12(B)(6) motion can be an adjudication of the merits of the claim." *Hutcheson v. Ohio Auto. Dealers Assn.*, 8th Dist. No. 97394,

2012-Ohio-3685, ¶ 19, citing Civ.R. 41(B). Civ.R. 41(B) provides a limited category of involuntary dismissals that are otherwise than on the merits.

{¶20} Civ.R. 41(B)(3) provides that a dismissal under Civ.R. 41(B) and any dismissal not provided for in Civ.R. 41, except as set forth in Civ.R. 41(B)(4), lack of subject matter jurisdiction or failure to join a party, operates as an adjudication on the merits unless the court, in its order for dismissal, otherwise specifies.

> A dismissal under Civ.R. 12(B)(6) for failure to state a claim is a dismissal under Civ.R. 41(B)(1) for failure to comply with the civil rules. *Customized Solutions, Inc.* [*v. Yurchyk & Davis, CPA's, Inc.*, 7th Dist. No. 03 MA 38], 2003-Ohio-4881 at ¶ 23. Therefore, a dismissal under Civ.R. 12(B)(6) operates as an adjudication on the merits and properly results in a dismissal with prejudice. See *Reasoner v. City of Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 8-10; *Collins v. Natl. City Bank*, 2nd Dist. No. 19884, 2003-Ohio-6893, ¶ 51; *Cairns v. Ohio Sav. Bank*, 109 Ohio App.3d 644, 650, 672 N.E.2d 1058 (8th Dist.1996); *Birgel v. Bd. of Commrs.*, 12th Dist. No. CA94-02-042, 1995 Ohio App. LEXIS 160, *4 (Jan. 23, 1995); *Mayrides v. Franklin Cty. Prosecutor's Office*, 71 Ohio App.3d 381, 594 N.E.2d 48 (10th Dist.1991); *City of Euclid v. Weir*, 10th Dist. No. 77AP-958, 1978 Ohio App. LEXIS 10727, *4 (June 27, 1978). Yet, even if a dismissal under Civ.R. 12(B)(6) were not a dismissal under Civ.R. 41(B)(1), "it would at least fall under Civ.R. 41(B)(3)'s catch-all provision, 'and any dismissal not provided for in this rule.'" *Customized Solutions, Inc.*, at ¶ 23.

*Grippi v. Cantagallo*, 11th Dist. No. 2011-A-0054, 2012-Ohio-5589, ¶ 13-14. Accordingly, the trial court did not err and abuse its discretion by dismissing FRC's action with prejudice.

### III. Conclusion

{¶21} FRC's declaratory judgment action was properly dismissed by the trial court where causes of action had not arisen and injunctive relief was not appropriate because

adequate alternative remedies existed to fully protect FRC's rights. Further, that dismissal was appropriately with prejudice, according to Civ.R. 41(B).

**{¶22}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR