SEAN C. GALLAGHER, J., DISSENTING:
{¶ 32} I respectfully dissent. There are only two reasons under which a trial court may dismiss a complaint for declaratory judgment pursuant to Civ.R. 12(B)(6) : "(1) where there is no real controversy or justiciable issue between the parties, or (2) where the declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07." FCR Project, L.L.C. v. Canepa Media Solutions, Inc. , 8th Dist. Cuyahoga No. 97845, 2013-Ohio-259, 2013 WL 408718, ¶ 9, quoting Fioresi v. State Farm Mut. Auto. Ins. Co. , 26 Ohio App.3d 203, 499 N.E.2d 5 (1st Dist.1985), syllabus. If neither conclusion is reached, then "the court is required to issue a judgment declaring the rights or legal relations, or both, of the parties, and the court errs when it dismisses the complaint for failure to state a claim under Civ.R. 12(B)(6)." Id. The trial court's dismissal was not predicated on any procedural deficiencies in the complaint in which the plaintiffs asserted that the "controversy is whether life begins *340 at conception, therefore making the [sic] an embryo a 'person.' "
{¶ 33} The trial court, in this case, concluded that "an embryo that has not been implanted into the uterus does not constitute a 'distinct human entity' and thus is not entitled under the law of Ohio to the rights and protections of a person." This declaration of rights was based on an interpretation of R.C. 2929.19(J) and 2901.01(B)(1)(c)(ii). In other words, the trial court declared the rights of the parties upon the motion to dismiss filed under Civ.R. 12(B)(6). This was error. As the majority notes, the answer to the relief sought may well be a novel issue under Ohio law. If that is the case, the parties are entitled to fully litigate the matter to conclusion, one that is not amenable to the summary proceeding provided through Civ.R. 12(B)(6). The declaration of rights, if indeed the plaintiffs are entitled to any, is premature based on the procedural posture of this case.
{¶ 34} Although that would resolve the pending appeal, it should be noted that the trial court and the majority claim that R.C. 2901.01(B) controls the outcome. Under the plain language of that statutory section, however, the legislature unambiguously declared that the definition of "person" provided in R.C. 2901.01(B)(1) is limited in usage and only applies to any section contained in Title 29 of the Ohio Revised Code "that sets forth a criminal offense." That section is inapplicable to the current dispute. Applying the criminal definition of "person" to this civil matter contravenes the unambiguous language of the statute. We should not put words in the legislature's mouth. For example, and in contrast to the criminal definition of "person," R.C. 2721.01 provides its own circular definition of "person." "As used in [R.C. Chapter 2721], 'person' means any person , partnership, joint-stock company, unincorporated association, society, municipal corporation, or other corporation." (Emphasis added.) Id.
{¶ 35} Had the legislature intended for R.C. 2901.01(B)(1)(a)(ii) to apply for the purposes of civil or declaratory actions, it could have included that language in the relevant statutory sections. We must be mindful that just as the Ohio Supreme Court concluded in Werling v. Sandy , 17 Ohio St.3d 45, 49, 476 N.E.2d 1053 (1985), that "the definition of a word in a civil statute does not necessarily import the same meaning to the same word in interpreting a criminal statute[,]" the converse of that statement is equally true. Courts should not rely on the definition of a word in a criminal statute to necessarily import the same meaning in the civil sense.
{¶ 36} Likewise, Jones v. MetroHealth Med. Ctr. , 2017-Ohio-7329, 89 N.E.3d 633, ¶ 101 (8th Dist.), offers limited support for the majority's decision. In Jones it was undisputed that the viable, unborn child asserting the lack of informed consent claims had the independent right to seek redress for injury caused by negligence. Thus, Jones did not test the breadth of what constitutes a "viable, unborn child" for the purposes of negligence actions through the crucible of advocacy in the action asserting the unborn child's rights. Further, Jones relied on R.C. 2919.16(M) - that section is limited to defining the term "viable" "[as] used in sections 2919.16 to 2929.18 of the Ohio Revised Code." (Emphasis added.) R.C. 2919.16. Again, we cannot universally apply criminal statutes, especially those limited to defining to scope of criminal behavior, to all common law and statutory claims in Ohio.
{¶ 37} And finally, any reliance on the statutory sections setting forth claims for wrongful death is well outside the scope of this appeal. The trial court made no such *341 declaration, and according to the complaint for declaratory relief, the plaintiffs are seeking a broad declaration without limitation or for any explained purpose. Although the complaint claims "certain controversies" exist surrounding the question of whether life begins at conception, there is no indication that plaintiffs are seeking to assert a wrongful death action on behalf of an embryo pending that declaration. Under Civ.R. 12(B)(6), courts are limited to reviewing the allegations of the complaint. The complaint for declaratory relief in this case does seek a declaration that the embryos have an independent cause of action for wrongful death intended to be filed upon conclusion of the declaratory relief action. Thus, the majority's rejection of that claim is outside the scope of the current litigation.
{¶ 38} Nevertheless, any declaration of the rights in this case goes to the merits of the parties' dispute, which the trial court impermissibly resolved through the summary proceedings. The trial court may dismiss a declaratory judgment action under Civ.R. 12(B)(6) if it concludes that there is no real controversy or justiciable issue between the parties, or the declaratory judgment will not terminate the uncertainty or controversy under R.C. 2721.07. Because the trial court resolved the ultimate issue presented in the complaint for declaratory relief upon the Civ.R. 12(B)(6) motion, reversible error occurred. I would reverse the decision of the trial court and remand for further proceedings.