WEYANDT, Appellant,

v.

DAVIS et al., Appellees.

[Cite as *Weyandt v. Davis* (1996), 112 Ohio App.3d 717.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17642.

Decided July 24, 1996.

*William Love II*, for appellant.

*Maureen O'Connor*, Summit County Prosecuting Attorney, *William E. Schultz*, Assistant Prosecuting Attorney, and *Kathleen Hale*, Associate General Counsel, for appellees, Summit County Executive, Summit County Auditor, Summit County Recorder and members of Summit County Council.

*Betty D. Montgomery*, Attorney General, and *Elizabeth A. Scott*, Assistant Attorney General, for appellee state of Ohio.

---

DICKINSON, Judge.

Plaintiff Janet Weyandt has appealed from an order of the Summit County Court of Common Pleas that dismissed her complaint for a declaratory judgment against the state of Ohio, the Summit County Executive, the Summit County Auditor, the Summit County Recorder, and the members of the Summit County Council. By her complaint, she sought a declaratory judgment that the defendants had illegally and unconstitutionally abolished land registration within Summit County. Her sole assignment of error on appeal is that the trial court incorrectly granted defendants' motions to dismiss because she had stated a claim upon which relief could be granted.

This court affirms the judgment of the trial court insofar as it is related to the state and the claim that land registration within Summit County was unconstitutionally abolished because, even though plaintiff's complaint did state a claim upon which relief in the form of a declaratory judgment could be granted, the trial court's error in granting the state's motion to dismiss was harmless inasmuch as it declared plaintiff's rights in relationship to the state and, even accepting the factual averments of plaintiff's complaint as true, the abolishment of land registration within Summit County was not a violation of either the Ohio Constitution or the United States Constitution. This court reverses the trial court's judgment as to the remaining defendants and the claim that land

registration within Summit County was illegally abolished, however, because the trial court failed to declare plaintiff's rights based upon her claim that the county defendants did not provide proper notice to owners of registered land of the proceedings to abolish land registration.

I

The Torrens law, R.C. 5310.01 through 5310.21, provides a system pursuant to which title to land is registered as opposed to evidence of title and matters affecting title being recorded as is done pursuant to the general recording laws. Although most land in Ohio falls within the recording laws, some, including some within Summit County, has been registered land.

Effective February 28, 1991, the Ohio General Assembly, by R.C. 5310.31 through 5310.54, authorized counties within Ohio to abolish registration of land within their jurisdictions. On February 6, 1995, the Summit County Council adopted a resolution abolishing registration of land within Summit County.

Plaintiff commenced this action against the Summit County Executive, the Summit County Auditor, the Summit County Recorder, and the members of the Summit County Council on April 5, 1995. On April 17, 1995, the defendants named in plaintiff's original complaint moved the trial court to dismiss her action against them for failure to state a claim upon which relief could be granted. On September 13, 1995, plaintiff filed an amended complaint by which she added the state as a defendant.

By her amended complaint, plaintiff averred that she was the owner of registered land within Summit County. She further averred that the state, "through its legislature[,] enacted statutes permitting counties to abolish registered land RC 5310.01 et seq." She asserted that the statutes were unconstitutional under the Ohio and the United States Constitutions. She further averred that the county defendants "passed an ordinance on February 6, 1995[,] abolishing registered land in Summit County." According to plaintiff, the county defendants "failed to properly notify the members of the class of land owners in accordance with the statute." Plaintiff prayed for the following relief:

"WHEREFORE, plaintiff requests this Court to declare defendants' actions in abolishing land registration in Summit County illegal and unconstitutional and to order the defendants to continue land registration and grant a temporary and permanent injunction against the abolition of registered land in Summit County."

On October 13, 1995, the state moved for dismissal of plaintiff's complaint against it for failure to state a claim upon which relief could be granted. The trial court granted the state's motion to dismiss on December 15, 1995, based upon its conclusion that plaintiff's "challenges to the constitutionality of Sections

5310.31 through 5310.54 are without merit." On December 28, 1995, the trial court issued a *nunc pro tunc* order by which it amended its December 15, 1995 order to provide that plaintiff's claims were dismissed against all the defendants. Plaintiff timely appealed to this court.

## II

Plaintiff's sole assignment of error is that the trial court incorrectly granted defendants' motions to dismiss because she had stated a claim upon which relief could be granted. As noted previously, by her amended complaint, plaintiff had requested that the trial court "declare defendants' actions in abolishing land registration in Summit County illegal and unconstitutional."

## A

Pursuant to R.C. 2721.03, any person affected by a constitutional provision or statute "may have determined any question of construction or validity arising under such * * * constitutional provision [or] statute * * * and obtain a declaration of rights, status, or other legal relations thereunder." A complaint by which a declaratory judgment has been sought is not properly dismissed for failure to state a claim upon which relief can be granted based upon a conclusion that the plaintiff's position on the merits of his or her claim is incorrect. Rather, such a complaint may be dismissed for failure to state a claim upon which relief can be granted only if (1) no real controversy or justiciable issue exists between the parties, or (2) the declaratory judgment will not terminate the uncertainty or controversy. *Miller v. Summit Cty. Bd. of Edn.* (Apr. 7, 1993), Summit App. No. 15847, unreported, at 3, 1993 WL 99998, citing *Fioresi v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203, 203–204, 26 OBR 424, 424–425, 499 N.E.2d 5, 5–7. Otherwise, the plaintiff is entitled to a declaration of the parties' rights. *Miller, supra,* at 3.

In this case, the trial court did not dismiss plaintiff's claims based upon a determination that there was no real controversy or justiciable issue between the parties or because a declaratory judgment would not terminate the uncertainty or controversy. Accordingly, the trial court incorrectly granted defendants' motions to dismiss. A trial court's error in dismissing a complaint by which a declaratory judgment is sought is harmless, however, if, in its judgment, the trial court has actually granted the declaratory relief requested by the plaintiff. *Id.;* see *Meek v. City Natl. Bank & Trust Co.* (1940), 65 Ohio App. 349, 362, 18 O.O. 523, 528–529, 30 N.E.2d 347, 353; but, see, *Bruckman v. Bruckman Co.* (1938), 60 Ohio App. 361, 14 O.O. 331, 21 N.E.2d 481. It is necessary, therefore, for this court to determine whether the trial court declared plaintiff's rights, status, and

other legal relations in its order dismissing her complaint and, if so, whether it was correct, accepting the factual averments of plaintiff's complaint as true.[1]

## B

Plaintiff has argued that R.C. 5310.31 through 5310.54 are unconstitutional for two reasons: (1) they are violative of Section 40, Article II of the Ohio Constitution, and (2) they amount to a taking of property without compensation. By its order of December 15, 1995, the trial court declared that the statutes at issue are not unconstitutional on either of the grounds argued by plaintiff. Its conclusion regarding the constitutionality of R.C. 5310.31 through 5310.54 was correct.

■ Section 40, Article II of the Ohio Constitution permits the state and individual counties to adopt laws providing for registration of land:

"Laws may be passed providing for a system of registering, transferring, insuring and guaranteeing land titles by the state or by the counties thereof * * *."

It neither requires that such laws be adopted nor prohibits their repeal once they are adopted. The trial court correctly concluded that R.C. 5310.31 through 5310.54 are not violative of Section 40.

■ Plaintiff has argued that her property has been made less valuable in a number of ways by the abolishment of land registration in Summit County. According to plaintiff, as a holder of registered land, she has been able to prevent easements from being taken against her property, has been able to prevent utility companies from crossing her property, and has been free of the prospect of someone acquiring "any rights in adverse possession against [her] land." She has asserted that she will lose all these advantages with the abolishment of land registration.

■ In *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 457, 613 N.E.2d 580, 585, the Ohio Supreme Court wrote that "citizens acquire a 'bundle of rights' when they take title to property." In order to constitute a taking without compensation, government action must amount to leaving the property owner with virtually nothing in his bundle:

"The government impermissibly confiscates private property only where its actions for public benefit leave the owner with virtually no sticks left in his bundle

---

1. It was necessary for the trial court to assume that the factual averments of plaintiff's complaint were true because plaintiff was not afforded an opportunity to present evidence to prove those averments.

of ownership rights and then fails to compensate him for that loss." *Trademark Homes v. Avon Lake Bd. of Zoning Appeals* (1993), 92 Ohio App.3d 214, 218, 634 N.E.2d 685, 688.

The change about which plaintiff has complained will not significantly affect her bundle of rights in her property. She will continue to own her property and will remain free to use it in the same ways she was able to use it when it was registered land.

█ The trial court correctly declared that R.C. 5310.31 through 5310.54 are not unconstitutional. Accordingly, the trial court's error in granting the state's motion to dismiss was harmless.

## C

█ Plaintiff has also argued that Summit County failed to provide her notice of its intention to abolish registration of land within the county. R.C. 5310.35 provides that a county wishing to abolish registration of land must provide notice to owners of registered land by ordinary mail and by publication. The trial court, in its order ruling upon the county defendants' motion to dismiss, failed to declare whether, assuming plaintiff's assertion that the required notice was not given is true, Summit County's abolishment of registration of land was illegal. Accordingly, the trial court's error in granting the county defendants' motion to dismiss was not harmless.

## III

Plaintiff's assignment of error is sustained in part and overruled in part. The judgment of the trial court as it relates to the state and the constitutionality of R.C. 5310.31 through 5310.54 is affirmed. The judgment of the trial court as it relates to the county defendants and the legality of the abolishment of land registration within Summit County based upon the alleged failure of the county defendants to provide owners of registered land the required notice is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

REECE, P.J., and SLABY, J., concur.