WEYANDT, Appellant,

v.

DAVIS et al., Appellees.

[Cite as *Weyandt v. Davis* (1997), 122 Ohio App.3d 61.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18412.

Decided July 30, 1997.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William E. Schultz*, Assistant Prosecuting Attorney, for appellees.

*W. Love II*, for appellant.

SLABY, Judge.

Janet Weyandt appeals from the decision of the Summit County Court of Common Pleas which found that there was compliance with the notice requirements in R.C. 5310.35 to inform registered landowners of certain public hearings. We affirm.

Most land in Ohio is recorded pursuant to the traditional recording laws. The Torrens Law, R.C. 5310.01 through 5310.21, provides another system, under which title to land is registered. In 1991, the Ohio legislature authorized counties to abolish registration of land within their jurisdictions. See R.C. 5310.31 through 5310.54. On February 6, 1995, the Summit County Council adopted a resolution abolishing the obsolete and costly land registration system within the county.

The appellant, an owner of registered land, filed a complaint for a declaratory judgment against the Summit County Executive, the Summit County Auditor, the Summit County Recorder, the members of the Summit County Council, and the state of Ohio (collectively, "the appellees"). She sought a declaratory judgment that the appellees had illegally and unconstitutionally abolished land registration within Summit County. The appellant also claimed that the county defendants had "failed to properly notify the members of the class of land owners in accordance with the statute."

The trial court dismissed the complaint for failure to state a claim upon which relief could be granted, finding that the statutes at issue were not unconstitutional. On appeal, this court sustained that portion of the decision in which the "trial court correctly concluded that R.C. 5310.31 through 5310.54 are not violative of Section 40 [Article II, Ohio Constitution]." *Weyandt v. Davis* (1996), 112 Ohio App.3d 717, 722, 679 N.E.2d 1191, 1195. However, we noted that the trial court had failed to properly rule on the matter of notice. This court reversed and remanded on the sole issue of "the legality of the abolishment of land registration within Summit County based upon the alleged failure of the county defendants to provide owners of registered land the required notice." *Id.* at 723, 679 N.E.2d at 1195.

Upon remand, the trial court found that the county had fully complied with its obligation under law, pursuant to R.C. 5310.35, to provide notice to the owners of registered land of the public hearings on the matter prior to the passage of the legislation abolishing registered land. The legality of the county's actions was affirmed. The appellant now appeals this finding, raising a single assignment of error:

Assignment of Error

"The trial court erred in ruling that the appellees had met the mandatory notice requirements of R.C. 5310.35 and the postal regulations."

Prior to abolishing land registration, counties are required to conduct public hearings on the matter and to provide notice of the hearings to all registered landowners. R.C. 5310.35(A)(1). The statute further requires that notice be provided both by ordinary mail, evidenced by a certificate of mailing, and by publication. R.C. 5310.35(A)(2). If a notice is returned showing failure of delivery, the county is under no further obligation to directly serve the notice upon the addressee. *Id.*

The appellant does not dispute that notice was made by publication, and the trial court found that she had actual notice of the hearing. The appellant maintained that she did not receive any notice of the hearing, but the trial court did not find her testimony credible, based upon the testimony of her husband and other witnesses. The appellant's husband had called the county recorder concerning land registration shortly after the notice was mailed. The husband attended the hearing and further discussed the matter with the recorder. He also testified that his wife knew he was going to the hearing and that, afterwards, he told his wife he had been at the hearing and what had transpired at the hearing.

Testimony was also given that notice had been mailed to the appellant at the address where she had been living for thirty years and that she maintained a mailbox and regularly received mail at that address. The fact of mailing was evidenced by the United States Postal Services's certification of mailing in the county's mailing record book. Some of the many notices that were sent out were returned as undeliverable, but the appellant's notice was not returned as undeliverable.

The appellant's sole argument on appeal is that the notice by mail was defective because the county's certificate of mailing did not precisely conform to the United States Postal Service's specified format. We find this claim to be without any merit.

R.C. 5310.35(A)(2)(a) states only that the sender must provide notice by "ordinary mail, evidenced by a certificate of mailing." The statute does not define or specify the attributes of a certificate of mailing. Postal regulations provide the following guidelines under S914, "Certificate of Mailing," in the section entitled "Basic Information":

"Certificate of mailing service provides only evidence of mailing. No receipt is obtained on delivery of the mail to the addressee nor is insurance provided against loss or damage.

" * * *

"When requesting a certificate of mailing for three or more pieces of mail presented at one time, mailers may use Form 3877 (firm mailing book) or a privately printed facsimile, subject to payment of the applicable fee for each item listed. Privately printed Forms 3877 must contain the same information as the postal-provided form. The sheets of the books become the sender's receipts. All entries made in firm mailing books must be made by typewriter, ink, or ball-point pen. Alterations must be initialed by the mailer and accepting employee. All unused portions of the addressee column must be obliterated by drawing a diagonal line through them.

" * * * Individual and firm mailing book certificates must show the names and addresses of the sender and addressee and may show the amount of postage paid."

The appellant contends that the county's "firm mailing book" does not constitute a certificate of mailing because it did not contain the name and address of the sender, and unused portions of the address column were not obliterated with a diagonal line. We disagree.

The county mailed hundreds of notices to landowners, using its own privately printed "firm mailing book." This consisted of a binder containing the computer printed names and addresses of all registered landowners in the county, including the appellant. The post office accepted the notices for mailing, all bearing the return address of the Summit County Recorder. Postage and fees paid were indicated on the pages of the mailing book, and the post office affixed its red stamp to the pages of the book, evidencing the date and fact of mailing.

This court has stated that "[a] 'certificate of mailing' contemplates a confirmation of mailing by the United States Postal Service." *Gen. Motors Acceptance Corp. v. Kollert* (1986), 33 Ohio App.3d 274, 275, 515 N.E.2d 959, 960. That was accomplished in this case. The United States Postal Service accepted the letter and certified the mailing in the sender's mailing book. The Postal Service's actions evidenced that the sender sufficiently complied with postal regulations to warrant acceptance of the mailing and certification. The statute requires that notice be evidenced by a certificate of mailing; it does not require that the sender follow nonessential postal policies or regulations.

This court finds that the certificate of mailing requirement was fully satisfied. The appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DICKINSON, P.J., and BAIRD, J., concur.