DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} This case involves a dispute over the control of a church. Mt. Eaton Community Church told its members that its annual meeting would be on January 28, 2007, following the morning worship service. At the beginning of that morning's service, Pastor Mark Fowler announced that the time for the meeting had been changed to 1:00 p.m. He then abruptly ended the service. A group of members that opposed the pastor's retention held a meeting following the service anyway. Those members did not attend the afternoon meeting, at which the pastor and church elders were reaffirmed for another year. After the opposition group began holding its own services, the Church filed a complaint, requesting a declaratory judgment that the pastor and elders affirmed at the afternoon meeting were its lawful governing body. The trial court dismissed the complaint, concluding that the Church had failed to establish that the afternoon meeting was conducted in accordance with its bylaws, the notice it had sent, and state law. *Page 2 
Although the trial court erred by "dismissing" the Church's complaint, that error was harmless because it actually determined the legal issue to be resolved. Because the trial court correctly determined that the Church did not give its members proper notice of the rescheduled meeting, this Court affirms.
 FACTS {¶ 2} The Church's bylaws provide that its pastor and elders must be reaffirmed on an annual basis. They also provide that the Church must give 14 days written notice before its annual meeting. On January 14, 2007, the Church mailed a letter to its members, telling them that it would hold its annual meeting on January 28, 2007. The letter said that the meeting "will follow the morning service after which we will share a carry-in fellowship dinner together."
 {¶ 3} Pastor Fowler began the January 28, 2007, service at 10:00 a.m. by announcing that the time for the annual meeting "would be moved from immediately following the morning worship service to 1:00 p.m. on the same date, following the carry-in dinner at noon." After he made a few more announcements, two church members approached the front of the congregation. As they did, Pastor Fowler announced that the service was over and left the sanctuary.
 {¶ 4} The members that remained in the sanctuary engaged in a lengthy discussion about the state of the Church. Eventually, they decided to continue their meeting to the following week. At noon, the Church held a potluck dinner in its hall, followed by the meeting that the pastor had announced. At the afternoon meeting, a majority of the members in attendance voted to reaffirm the pastor and the existing church elders.
 {¶ 5} On February 4, 2007, the church members who had met following the previous week's service continued their meeting. After that meeting they began using the Church's name *Page 3 
and stationary and had the Church's bank put a hold on its accounts. On April 6, 2007, the Church filed a Complaint for Declaratory Judgment, requesting that the trial court declare that Pastor Fowler and the church elders that were voted on at the January 28 afternoon meeting were the Church's only lawful governing body and enjoining the opposition faction from using its name, facilities, or assets.
 {¶ 6} The parties agreed to submit the case on a joint stipulation of facts. On November 27, 2007, the trial court found that the Church had failed to establish that it conducted its annual meeting in accordance with its bylaws, notice, and Ohio law. It denied the Church's request for declaratory relief and dismissed the Complaint. The Church has appealed, assigning two errors.
 DECLARATORY JUDGMENT {¶ 7} The Church's second assignment of error is that the trial court incorrectly dismissed its Complaint for Declaratory Judgment. A complaint for declaratory relief "may be dismissed for failure to state a claim upon which relief can be granted only if (1) no real controversy or justiciable issue exists between the parties, or (2) the declaratory judgment will not terminate the uncertainty or controversy." Weyandt v.Davis, 112 Ohio App. 3d 717, 721 (1996).
 {¶ 8} The trial court did not determine that there was no real controversy between the parties or that a declaratory judgment would not end the dispute. Accordingly, it erred by dismissing the complaint.Id. The court's error was harmless, however, because, in finding that the Church had failed to prove its case, it "actually determined the legal issue sought to be resolved." Baker v. Fish, 9th Dist. No. 19912,2000 WL 1783577 at *3 (Dec. 6, 2000). *Page 4 
 {¶ 9} The Church has argued that the trial court incorrectly determined that it did not establish that it was entitled to relief. According to it, the meeting it held on the afternoon of January 28, 2007, complied with its bylaws and Ohio law and, therefore, was valid.
 {¶ 10} The Church is a nonprofit corporation formed under Chapter 1702
of the Ohio Revised Code. Section 1702.16 provides that nonprofit corporations shall hold "[a]n annual meeting of voting members for the election of directors . . . on a date designated by or in the manner provided for in the articles or the regulations." Unless a corporation's articles or regulations provide otherwise, "written notice stating the place, if any, and the time of a meeting . . . shall be given . . . not less than ten or not more than sixty days before the date of the meeting." R.C. 1702.18.
 {¶ 11} The Church's bylaws provide that its members "shall have 14 days written notice in advance of the [annual] meeting." The Church has argued that it complied with this requirement because it sent a letter to its members on January 14, 2007, informing them that its annual meeting would be held on January 28, 2007. It has argued that, although Pastor Fowler changed the time of the meeting, the notice was valid because the meeting was still held on January 28, 2007.
 {¶ 12} Notice is adequate under Section 1702.18 if (1) it is in writing and states the place and time of the meeting and the means by which the voting members can be present, and (2) it is given not less than ten or not more than sixty days before the date of the meeting. R.C. 1702.18. Although nonprofit corporations are permitted to alter those requirements in their articles or regulations, the Church's bylaws only modified the second requirement. They did not change the requirement that the notice state the time and place of the meeting. *Page 5 
 {¶ 13} The letter that the Church sent to its members met the requirements of Section 1702.18 and the Church's bylaws. When Pastor Fowler changed the time of the meeting, however, he did not give its members proper notice under Section 1702.18. Accordingly, the trial court correctly ruled that the meeting that the Church held on the afternoon of January 28, 2007, was not valid.
 {¶ 14} The Church has also argued that, if the afternoon meeting was invalid, then the trial court should have declared that the pastor and elders were still in power as holdover officers. See State ex rel. EastCleveland Democratic Club Inc. v. Bibb, 14 Ohio App. 3d 85, 89-90 (1984) ("When a corporate election is subsequently declared invalid, the previous, duly elected officers remain as holdover officers until the next valid election."). The Church, however, did not make this argument to the trial court and, therefore, has forfeited it. Holman v. GrandviewHosp. Med. Ctr., 37 Ohio App. 3d 151, 157 (1987) ("Issues not raised and tried in the trial court cannot be raised for the first time on appeal."). The Church's second assignment of error is overruled.
 INJUNCTIVE RELIEF {¶ 15} The Church's first assignment of error is that the trial court incorrectly denied its motion for injunctive relief. "An injunction is an extraordinary remedy in equity where there is no adequate remedy available at law. It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot."Garono v. State, 37 Ohio St. 3d 171, 173 (1988). "In general, courts will consider [four] factors in deciding whether to grant injunctive relief: (1) the likelihood or probability of a plaintiffs success on the merits; (2) whether the issuance of the injunction will prevent irreparable harm to the plaintiff; (3) what injury to others will be caused by the granting of the injunction; and (4) whether the public *Page 6 
interest will be served by the granting of the injunction." Corbett v.Ohio Bldg. Auth., 86 Ohio App. 3d 44, 49 (1993).
 {¶ 16} Since the Church failed to establish that the meeting it held on the afternoon of January 28, 2007, was valid, the trial court correctly denied it injunctive relief. See Saba v. Fifth Third Bank ofNW Ohio N.A., 6th Dist. No. L-01-1284, 2002-Ohio-4658, at ¶ 56 (concluding that, because the appellant had not convinced the jury of his claims, the trial court did not abuse its discretion in denying his request for a permanent injunction). The Church's first assignment of error is overruled.
 CONCLUSION {¶ 17} Because the Church did not give its members proper notice of its annual meeting, the meeting it held was invalid. The judgment of the Wayne County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 7 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to appellant.
 WHITMORE, J. MOORE, P. J. CONCUR *Page 1