[Cite as *Pesec v. Roto-Die, Inc.*, 2011-Ohio-6288.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96775

---

## JOSEPH PESEC

PLAINTIFF-APPELLANT

vs.

## ROTO-DIE, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED AS MODIFIED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-748058

**BEFORE:**   Kilbane, A.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   December 8, 2011

**ATTORNEYS FOR APPELLANT**

Matthew Gilmartin
P.O. Box 939
North Olmsted, Ohio 44070

Carol Jackson
3900 Cullen Drive
Cleveland, Ohio 44105

**ATTORNEYS FOR APPELLEES**

Mark E. Avsec
Matthew D. Gurbach
Lori H. Welker
Benesch, Friedlander, Coplan, Aronoff, LLP
200 Public Square
Suite 2300
Cleveland, Ohio 44114-2378

MARY EILEEN KILBANE, A.J.:

{¶ 1} Plaintiff-appellant, Joseph Pesec, appeals from the order of the trial court that dismissed his declaratory judgment action against Roto-Die, Inc. ("Roto-Die") and Gem Equity Corporation ("Gem Equity") for failure to state a claim. For the reasons set forth below, we modify the judgment of the trial court and, as modified, we affirm.

{¶ 2} The record indicates that Pesec worked as a salesman for Austin-Hunt Corporation ("Austin-Hunt") and Roto-Die, metal fabricating companies that shared management and sales functions. In May 2006, Roto-Die sold its assets, including customer lists and proprietary business information, to Gem Equity. In July 2006, Austin-Hunt sold its assets, including customer lists and proprietary business information, to AHAcquisition, L.L.C. Roto-Die and Austin-Hunt subsequently filed suit against Pesec in Lake County seeking to enjoin him from, inter alia, using customer lists, suppliers, drawings, and other assets.

{¶ 3} On October 18, 2006, Austin-Hunt, Roto-Die, and Pesec filed an Agreed Judgment Entry in the Lake County Court of Common Pleas. Under the terms of this

judgment entry, Pesec and all persons acting in concert with him, were "permanently restrained and enjoined from any, every and all use of the property, assets, name, trade name, goodwill, customers, customer lists, customer data, suppliers, supplier information and data, proprietary information, drawings, and any and every other asset of Plaintiff Austin-Hunt Corporation and Roto-Die, Inc[.]"

{¶ 4} The judgment also indicated that it was enforceable in Cuyahoga County.

{¶ 5} On February 7, 2011, Pesec filed a complaint for declaratory judgment against Roto-Die and Gem Equity in Cuyahoga County. Pesec alleged that he was incarcerated and unrepresented by counsel when he signed the 2006 Agreed Judgment Entry. He additionally complained that the noncompete provisions of the Agreed Judgment Entry contained no limitations as to time or geographical area, and he sought a declaration from the court regarding the validity of these provisions.

{¶ 6} On March 18, 2011, defendants Roto-Die and Gem Equity filed a motion to dismiss. Defendants argued that Pesec's complaint failed to state a claim because the declaratory judgment statutes do not authorize courts to declare the rights that arise from judgments and that the declaratory judgment complaint constituted an improper collateral attack on the agreed judgment entry. Defendants additionally argued that while Pesec could have obtained relief from judgment pursuant to Civ.R. 60(B), his time to do so had expired.

**{¶ 7}** In opposition, Pesec argued that the matter concerned the construction or validity of a noncompete contract and was, therefore, a proper subject for a declaratory judgment. Pesec additionally argued that if relief is also denied under Civ.R. 60(B), then he is without a remedy.

**{¶ 8}** On April 11, 2011, the trial court granted defendants' motion to dismiss and concluded:

**{¶ 9}** "* * *Plaintiff relies upon Ohio Revised Code Sec. 2721.03. Plaintiff's only possible remedies were to file a motion under Rule 60(B), although his time to do so expired more than three years ago, or to pursue appellate relief."[1]

**{¶ 10}** Pesec now appeals and assigns two errors for our review.

**{¶ 11}** Pesec's first assignment of error states:

**"The trial court erred by not granting Appellant declaratory relief."**

**{¶ 12}** The dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) is subject to de novo review. *Shockey v. Wilkinson* (1994), 96 Ohio App.3d 91, 644 N.E.2d 686.

**{¶ 13}** In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of

---

[1]On May 6, 2011, Pesec moved for relief from judgment. This document is not part of the file herein, and on May 10, 2011, Pesec filed his notice of appeal from the April 11, 2011 ruling.

facts in support of his claim that would entitle him to relief.  *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753.   All factual allegations of the complaint are presumed to be true, and all reasonable inferences are made in favor of the nonmoving party.   *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753.

{¶ 14} A trial court may properly dismiss a complaint for declaratory judgment based upon a determination that there was no real controversy or justiciable issue between the parties or because a declaratory judgment would not terminate the uncertainty or controversy. *Weyandt v. Davis* (1996), 112 Ohio App.3d 717, 679 N.E.2d 1191.

{¶ 15} As to the existence of a justiciable issue we note that "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."   R.C. 2721.02(A).

{¶ 16} Pursuant to R.C. 2721.03,

**"[A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."**

{¶ 17} See, also, R.C. 2721.04 (parties may have contractual rights construed in a declaratory judgment action).

{¶ 18} In general, however, declaratory judgment actions may not be used to collaterally attack a final judgment. See *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550. Adhering to the "firm and longstanding principle that final judgments are meant to be just that — final[,]" the court in *Ohio Pyro* noted that civil judgments may be challenged in direct appeals and Civ.R. 60(B) proceedings. Collateral proceedings such as declaratory judgment actions may be maintained only where in "two principal circumstances — when the issuing court lacked jurisdiction or when the order was the product of fraud." Id.

{¶ 19} Res judicata principles can also apply to prevent parties and those in privity with them from modifying or collaterally attacking a previous judgment. *Ohio Pyro,* citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-382, 1995-Ohio-331, 653 N.E.2d 226 ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.").

{¶ 20} Moreover, a judgment entered by consent is "as effective as if the merits had been litigated" and is "just as enforceable as any other validly entered judgment." Id., citing *Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 512 N.E.2d 956.

{¶ 21} Applying the foregoing, Pesec's complaint challenging the consent judgment constituted an impermissible collateral attack on that judgment. As such, there was no

justiciable issue, and Pesec did not state a claim for relief. The first assignment of error is without merit.

{¶ 22} The second assignment of error states:

**"The trial court erred in ruling time for O.Civ.R.P.60(B) time limit expired which was beyond the Court's jurisdiction."**

{¶ 23} Pesec next complains that the trial court erred in holding that the time within which to file a motion for relief from the Lake County Agreed Judgment Entry pursuant to Civ.R. 60(B)[2] had expired, as this ruling purported to usurp the jurisdiction of the Lake County Court of Common Pleas.

{¶ 24} Because Pesec had not moved for relief under Civ.R. 60(B) and this issue was not properly before the trial court, the court's determination that the period for obtaining relief under this rule had expired was an advisory opinion. See *Egan v. Natl. Distillers & Chem.*

---

[2]In relevant part, this rule states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"

*Corp.* (1986), 25 Ohio St.3d 176, 495 N.E.2d 904, syllabus. Moreover, since Pesec had not moved for relief from judgment, it was not certain that he was invoking the provisions of Civ.R. 60(B)(1), (2), or (3), which have a one-year time limit, or the provisions of Civ.R. 60(B)(4) or (5), which are to be filed only within a "reasonable time." As such, the court's April 11, 2011 pronouncement on the issue of the timeliness of a motion for relief from judgment is purely advisory and nonbinding, and we modify the court's judgment to strike that portion of the entry.

{¶ 25} The second assignment of error is well taken.

{¶ 26} The judgment of the trial court is modified to strike the court's determination that the "only possible remedies were to file a motion under Rule 60(B), although his time to do so expired more than three years ago," and having so modified the trial court's judgment, we affirm.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY (SEE SEPARATE OPINION)

**COLLEEN CONWAY COONEY, J., CONCURRING IN JUDGMENT ONLY:**

**{¶ 27}**I concur in the judgment to affirm the trial court's dismissal. However, I see no need to strike the "advisory opinion" portion of the court's entry. It was merely advisory to appellant and could not control the Lake County court's possible review of a Civ.R. 60(B) motion.