[Cite as *In re D.L.M.*, 2012-Ohio-1946.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97142

---

## IN RE: D.L.M.

## A Minor Child

## (Appeal by Father)

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 94771028

**BEFORE:** S. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 3, 2012

**ATTORNEYS FOR APPELLANT**

Marc Dann
Laura M. Wellen
Dann, Doberdruk & Wellen, LLC
20521 Chagrin Blvd., Suite D
Shaker Heights, OH   44122


**ATTORNEYS FOR APPELLEE, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor

BY:   Joseph C. Young
Assistant Prosecuting Attorney
Cuyahoga County Child Support
  Enforcement Agency
P.O. Box 93894
Cleveland, Ohio 44101-5984


**Also listed:**

V.E., pro se
1867 Lampson
Cleveland, OH   44112

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, the father, appeals the decision of the trial court denying his motion to vacate a 1996 child support order. For the following reasons, we affirm.

**{¶2}** Father challenges the trial court's jurisdiction to enter an order in May 1996, which modified his child support obligation. Father claims that service of process was never perfected upon him in the 1995 action, which led to the subsequent May 1996 modification. In April 2010, father filed a motion to vacate the 1996 modification of child support order.

**{¶3}** In late 1995, a parent-child relationship was established between D.L.M. and the father. The trial court imposed a support order against the father, and in May 1996, increased the amount of support because of mother's allegations that the father was working. Father bears the same name as D.L.M.'s grandfather, and mother erroneously based her motion to modify child support on the grandfather's wages. The 1996 modification order, increasing the child support obligation, was filed as a supplemental record for review in resolving the April 2010 motion to vacate. According to the father, the original 1995 case file was not available.

**{¶4}** Father was incarcerated from 2000 to 2004 and, upon being released, discovered the 1996 child support order. In 2004, father began a series of unsuccessful attempts to vacate the 1996 order and the arrearage. The first of these unsuccessful attempts was a 2004 motion to modify child support jointly filed by the mother and father.

On August 31, 2006, after receiving an unfiled motion to vacate the 1996 child support order on behalf of father, the Cuyahoga County Child Support Enforcement Agency ("CSEA") filed a motion to show cause based on father's failure to pay the court-ordered child support. Rather than contesting the motion to show cause, father pleaded guilty to the allegations that he was in arrears on the 1996 court-ordered support obligation. The magistrate ordered father to pay his monthly obligation going forward, plus another 20 dollars per month toward the approximately $48,000 in arrearage. The magistrate's decision, adopted by the trial court, was also in the record for the trial court to review in resolving the April 2010 motion to vacate.

{¶5} On April 2, 2010, father filed a motion to vacate the 1996 order. Father attached his and his grandfather's affidavits stating that father did not live with the grandfather in 1995 when the mother established paternity and the trial court imposed the original child support obligation. Father claims that service was sent to his grandfather's home, and therefore, service of process was never perfected. He further claims he never received notice of mother's motion to modify child support filed in early 1996.

{¶6} The magistrate denied father's 2010 motion to vacate, and the trial court adopted the magistrate's decision, denying the motion to vacate based, in part, on the father's acquiescence to the service issue at the 2006 show cause hearing. Father timely appealed that decision, raising three assignments of error. Father's first assignment of error addresses whether the trial court erred in denying his motion to vacate. His second

and third assignments of error otherwise challenge the merits of the 1996 modification of his child support order.

{¶7} Notwithstanding the sparse record, father's three assignments of error are without merit. Father's arguments ignore the procedural posture of his case. In 2006, CSEA filed a motion to show cause based on father's failure to pay child support imposed by the 1996 order. In resolving that motion, father, who was represented by counsel, consented to the 1996 child support obligation. Father did not directly appeal the 2006 order.

{¶8} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. "Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 8th Dist. No. 96728, 2012-Ohio-12, ¶ 14, citing *Trojanski v. George*, 8th Dist. No. 83472, 2004-Ohio-2414.

{¶9} The service issue and father's arguments against the merits of the 1996 modification of child support were rendered moot by the father's consent to the 1996 child support order, in resolving CSEA's 2006 motion to show cause. "[A] judgment entered by consent is 'as effective as if the merits had been litigated' and is 'just as enforceable as any other validly entered judgment.'" *Pesec v. Roto-Die, Inc.*, 8th Dist. No. 96775, 2011-Ohio-6288, ¶ 20, quoting *Gilbraith v. Hixson,* 32 Ohio St.3d 127, 512

N.E.2d 956 (1987). Father consented to be bound by the 1996 child support obligation when he pleaded guilty to CSEA's allegations that father's arrearage was based on the 1996 order. Father also could have raised the insufficient service as a defense to CSEA's motion to show cause. Failing to raise improper service waives the defense. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 13; Civ.R. 12(H).

{¶10} We acknowledge the effect of this decision, holding father responsible for child support payments based on a wage he never earned, appears inequitable and there is a compelling argument that fairness dictates a recalculation of the arrearage. The doctrine of res judicata, however, prevents father from collaterally attacking the 1996 order, especially when he specifically consented to be bound by it in 2006, and through such consent, waived the insufficient service of process as a defense. Father's three assignments of error are overruled.

{¶11} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR