[Cite as *King v. Divoky, et al.*, 2018-Ohio-2280.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DERRICK MARTIN KING | C.A. No.   28441 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PATRICIA DIVOKY, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.   CV-2017-08-3304 |

DECISION AND JOURNAL ENTRY

Dated: June 13, 2018

HENSAL, Judge.

{¶1}   Derrick King appeals a judgment of the Summit County Court of Common Pleas that dismissed his declaratory judgment action under Civil Rule 12(B)(6). For the following reasons, this Court reverses.

I.

{¶2}   Mr. King was receiving benefits from the Disability Financial Assistance program at the time the General Assembly ended the program. After the Summit County Department of Job and Family Services notified Mr. King that his benefits would be ending, Mr. King filed a declaratory judgment action against its director, Patricia Divoky, and the director of the Ohio Department of Job and Family Services, Cynthia Dungey, seeking a declaration that the repeal of the program violated his federal due process rights, his state and federal equal protection rights, and his right to safety under the Ohio Constitution. He also sought to enjoin the directors from terminating his benefits.

{¶3}   The directors moved to dismiss Mr. King's complaint under Rule 12(B)(6), arguing that he had failed to state a claim upon which relief could be granted.  They also opposed his request for injunctive relief.  Mr. King opposed their motions, but the trial court dismissed his complaint, concluding that its "scant factual allegations" failed to support his argument that the repeal of the benefit program deprived him of due process of law, was not rationally related to a legitimate government purpose, deprived him of safety, or violated his right to equal protection of the laws.  The court also concluded that Mr. King's factual allegations did not support his assertion that the directors had deprived him of his constitutional rights or establish that he was entitled to injunctive relief.  The court also denied Mr. King's motion for a temporary restraining order and preliminary injunction.  Mr. King has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DISMISSED THE CASE.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS FINDINGS THAT KING'S COMPLAINT FOR DECLARATORY JUDGMENT FAILED TO STATE A CLAIM FOR RELIEF, AS R.C. 812.40 AND OTHER CHANGES WHICH PERTAIN TO THE ELIMINATION OF DISABILITY FINANCIAL ASSISTANCE PROGRAM AS ENACTED BY 2017 AM. SUB. H.B. 49, 2017 OHIO LAWS FILE 10, ARE UNCONSTITUTIONAL UNDER THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.

ASSIGNMENT OF ERROR III

R.C. 812.40 AND OTHER CHANGES WHICH PERTAIN TO THE ELIMINATION OF DISABILITY FINANCIAL ASSISTANCE PROGRAM AS ENACTED BY 2017 AM. SUB. H.B. 49, 2017 OHIO LAWS FILE 10, ARE UNCONSTITUTIONAL UNDER THE "SAFETY" CLAUSE OF THE OHIO CONSTITUTION.

**{¶4}** Mr. King argues that the trial court incorrectly dismissed his complaint. Typically, for a defendant "[t]o prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." *Raub v. Garwood*, 9th Dist. Summit No. 22210, 2005-Ohio-1279, ¶ 4. The rule operates differently, however, in a declaratory judgment action. Under Revised Code Section 2721.03, any person affected by a statute "may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it." Thus, "[a] complaint by which a declaratory judgment has been sought is not properly dismissed for failure to state a claim upon which relief can be granted based upon a conclusion that the plaintiff's position on the merits of his or her claim is incorrect." *Weyandt v. Davis*, 112 Ohio App.3d 717, 721 (9th Dist.1996). "Rather, such a complaint may only be dismissed for failure to state a claim upon which relief can be granted if: (1) no real controversy or justiciable issue exists between the parties; or (2) the declaratory judgment will not terminate the uncertainty or controversy." *Id*. We review the dismissal of a declaratory judgment action as not justiciable for an abuse of discretion. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13.

**{¶5}** The trial court did not examine the justiciability of the issues that Mr. King raised in his declaratory judgment action. Instead, the court dismissed the complaint because it contained only "scant factual allegations" that failed to support Mr. King's arguments. Upon review of the trial court's decision, we conclude that the court did not review Mr. King's complaint under the correct standard. *See Weyandt* at 721 (concluding that trial court erred when it did not dismiss declaratory judgment "claims based upon a determination that there was no real controversy or justiciable issue between the parties or because a declaratory judgment would

not terminate the uncertainty or controversy."). The error may be harmless, however, if the trial court, in its judgment, "actually granted the declaratory relief requested by the plaintiff." *Id.*

{¶6} Upon review of the trial court's judgment entry, we cannot say that it granted the declaratory relief requested by Mr. King. The court did not conclude that the termination of the Disability Financial Assistance program did not violate Mr. King's due process rights, violate his right to safety, or violate his right to the equal protection of the law. It only determined that Mr. King's complaint did not provide enough factual support for his claims. We, therefore, cannot say that the trial court's dismissal of Mr. King's complaint was harmless error. Mr. King's first assignment of error is sustained. His second and third assignments of error are overruled as premature.

### III.

{¶7} Mr. King's first assignment of error is sustained. His second and third assignments of error are premature, and are overruled on that basis. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DERRICK MARTIN KING, pro se, Appellant.

MICHAEL DEWINE, Attorney General, and THERESA R. HANNA, Assistant Attorney General, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOSEPH R. MCALEESE, Assistant Prosecuting Attorney,