[Cite as *Auburn Twp. Bd. of Trustees v. Sedensky*, 2025-Ohio-4911.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| AUBURN TOWNSHIP<br>BOARD OF TRUSTEES, | CASE NO. 2025-G-0012 |
| Plaintiff-Appellee, | Civil Appeal from the<br>Court of Common Pleas |
| - vs - | |
| DAVID SEDENSKY, et al., | Trial Court No. 2023 M 000172 |
| Defendants-Appellants. | |

---

## OPINION AND JUDGMENT ENTRY

Decided: October 27, 2025
Judgment: Affirmed

---

*Tonya J. Rogers* and *Megan L. Haynam*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Plaintiff-Appellee).

*Monica R. Zibbel*, Forbes Law, LLC, 166 Main Street, Painesville, OH 44077 (For Defendants-Appellants).

EUGENE A. LUCCI, J.

{¶1} Appellants, David and Molly Sedensky, appeal the judgment of the trial court that granted summary judgment in favor of Auburn Township Board of Trustees ("the Board"), enjoined the Sedenskys from using certain property as a short term rental, and dismissed the Sedenskys' counterclaims. We affirm.

{¶2} In 2021, the Sedenskys purchased real property in Auburn Township in a district zoned "R-1." The Sedenskys acquired the property for personal use and for rental purposes and thereafter listed the property for rent on the internet platforms Airbnb and

VRBO. The Sedenskys rented the property to others through these sites for various periods of time.

{¶3} On March 21, 2023, the Board filed a complaint for injunctive relief, alleging that the Sedenskys use of the property as a short term rental violated the Auburn Township Zoning Resolution ("ATZR") 4.03(a) and 5.05(b).[1]

{¶4} The Sedenskys answered the complaint and filed counterclaims seeking declaratory judgment and injunctive relief. In their counterclaims, the Sedenskys asserted that the ATZR sections at issue violated their rights under the United States Constitution and the Ohio Constitution.

{¶5} On December 3, 2024, the Sedenskys moved for partial summary judgment on their counterclaim for declaratory judgment, and the Board moved for summary judgment on its claim and on the Sedenskys' counterclaims.

{¶6} On February 28, 2025, the trial court granted the Board's motion and entered judgment enjoining the Sedenskys from using their property as a short term rental. The trial court dismissed the Sedenskys' counterclaims with prejudice.

{¶7} In their assigned errors, the Sedenskys contend:

[1.] The trial court erred by finding Auburn Township Zoning Resolutions §§ 4.03 and 5.50(B) are constitutional based upon stare decisis.

[2.] The trial court abused its discretion when it dismissed Appellants-Defendants' action for Declaratory Judgment with prejudice.

---

1. The Board's complaint further requested penalties pursuant to R.C. 519.99. However, the trial court dismissed the claim for penalties prior to summary judgment proceedings, and the issue of penalties is not relevant to this appeal.

Case No. 2025-G-0012

{¶8} Judgment in this case was entered at the summary judgment stage of proceedings. "We review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision." *Hedrick v. Szep*, 2021-Ohio-1851, ¶ 13 (11th Dist.), citing *Grafton v. Ohio Edison Co.*, 1996-Ohio-336, ¶ 10.

> Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977); *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, ¶ 6 (11th Dist.), citing *Holliman v. Allstate Ins. Co.,* 1999-Ohio-116. "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 1996-Ohio-107. "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Allen* at ¶ 6, citing *Dresher* at ¶ 18.

{¶9} Here, as relevant to this appeal, in the Board's motion for summary judgment, it maintained that it was entitled to judgment on the Sedenskys' claim for declaratory judgment.

{¶10} The Sedenskys sought declaratory judgment pursuant to R.C. 2721.03, which provides:

> Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a

Case No. 2025-G-0012

constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶11} A "dismissal" of a declaratory judgment action is not warranted based on a trial court's determination that the party seeking such judgment has advanced a meritless position with respect to the validity of a law. *Weyandt v. Davis*, 112 Ohio App.3d 717, 721 (9th Dist. 1996). Instead, the trial court then should proceed to determine the validity of the challenged law. *Id.* Nonetheless, a "trial court's error in dismissing a complaint by which a declaratory judgment is sought is harmless" if the trial court declared the rights, status, and other legal relations in its order dismissing a declaratory judgment claim. (Citations omitted.) *Id.* at 721-722.

{¶12} Here, the Sedenskys argued in their claim for declaratory judgment that ATZR 4.03(a) and 5.05(b) are unconstitutional.

{¶13} ATZR 4.03(a) provides, "Lots and structures shall be used in compliance with Schedule 4.03(k). Only the permitted main uses defined in the Resolution and specified on the Schedule under a given district shall be permitted in that district; and only those conditional uses so defined and specified may be approved."

{¶14} The property at issue here is located in a district zoned "R-1." Schedule 4.03(k) of the ATZR sets forth the "Permitted Main Uses" for a property zoned "R-1," as relevant here, single family dwellings. A "dwelling single family" under the ATZR is defined as "[a] dwelling consisting of one (1) detached dwelling unit occupied by one (1) family only." ATZR 2.02. In turn, ATZR 2.02 defines a "family" as:

Case No. 2025-G-0012

One (1) or more persons related by blood, adoption, guardianship or marriage, living and cooking together as a single housekeeping unit, exclusive of live-in hired employees. A number of persons but not exceeding two (2) living and cooking together as a single housekeeping unit though not related by blood, adoption, guardianship or marriage shall be deemed to constitute a family, exclusive of live-in hired employees. A family shall not include any society, club, fraternity, sorority, association, lodge, federation, coterie, or a like organization; any group of individuals whose association is temporary or seasonal in nature; and any group of individuals who are in a group living arrangement as a result of criminal offenses.

{¶15} Relevant to this appeal, the trial court and this court previously addressed ATZR 4.03(a) with respect to short term rentals in single family dwellings in the *Marra* cases. In *Marra v. Auburn Twp. Zoning Inspector*, Geauga C.P. No. 19A000662 (May 11, 2020) ("*Marra I*"), the trial court addressed a property owner's administrative appeal from the Board of Zoning Appeals ("BZA"). In that case, the owner of a single family dwelling in an R-2 district rented her home to others on Airbnb and VRBO. The zoning inspector notified the property owner that the use of the property for temporary lodging was not permitted under the ATZR. *Marra I.* The property owner appealed the zoning inspector's determination to the BZA, which denied her request to overturn the zoning inspector's determination. *Id.* The property owner then appealed to the trial court pursuant to R.C. Ch. 2506. *Marra I.* The trial court determined that, in an R-2 district the ATZR "does not permit use of a single family home to provide temporary lodging to the public for a fee." *Marra I.* The trial court therefore affirmed the decision of the BZA. *Id.*

{¶16} The landowner appealed the trial court's judgment in *Marra v. Auburn Twp. Zoning Inspector*, 2020-Ohio-6678, ¶ 1 (11th Dist.) ("*Marra II*"). In *Marra II*, this court concluded that the property owner did not establish that the use of her home for short

term rentals was a permitted use. *Id.* at ¶ 37. Accordingly, we affirmed the decision of the trial court. *Id.* at ¶ 38.

{¶17} While *Marra II* was on appeal to this court, the Board enacted 5.05(b) of the ATZR, which states:

> Short term rental of a dwelling, in whole or in part, involving transient occupancy for thirty (30) consecutive days or less by persons other than the owner for which the owner receives monetary compensation pursuant to a rental agreement shall be prohibited. This shall not apply to a bed and breakfast for which a conditional zoning certificate has been issued as set forth in this Resolution.

{¶18} Thereafter, the Board brought an action for injunctive relief against the *Marra* property owner in *Auburn Twp. Bd. of Trustees v. Marra*, Geauga C.P. No. 21M000174 (Sept. 15, 2022) ("*Marra III*"). The Board maintained that the property owner continued to utilize the property for short term rentals in violation of the ATZR. *Marra III*. The property owner filed an answer and counterclaim. *Id.* Although she did not seek declaratory judgment, the property owner did seek damages and an injunction for four alleged constitutional violations. *Id.* On the Board's motion for summary judgment, the trial court concluded that the property owner's claims were "barred by both res judicata and facts in the record." *Id.* Included in its discussion, the trial court determined that the Board was entitled to summary judgment on the property owner's claims that the prohibition on short term rental of her property violated her due process rights and on her claim that ATZR 5.05(b) violated the property owner's equal protection rights. *Id.*

{¶19} In the present case, the Board relied on the *Marra* decisions in support of its motion for summary judgment, and the trial court discussed the *Marra* decisions in its February 28, 2025 judgment entry, under a heading labeled "stare decisis." The trial court

determined that it had previously found the ATZR constitutional when faced with the same constitutional challenges raised by the Sedenskys.

{¶20} In their first assigned error, the Sedenskys maintain that the trial court improperly applied stare decisis because the *Marra* cases were "determined on issues distinct from those offered for consideration by the Sedenskys['] claim for declaratory judgment."

{¶21} "The doctrine of stare decisis requires a court to recognize and follow an established legal decision in subsequent cases in which the question of law is again in controversy." *See New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.,* 2019-Ohio-2851, ¶ 18, citing *Clark v. Snapper Power Equip., Inc.,* 21 Ohio St.3d 58, 60 (1986).

{¶22} The Sedenskys maintain that the following constitutional questions were in controversy which were not decided in the *Marra* cases: whether the definition of "family" as contained in ATZR 2.02, and thus incorporated in ATZR 4.03(b) through application of ATZR 4.03(k), is unconstitutional on its face; and whether ATZR 5.05(b) violates equal protection of the law by treating landlords who rent their properties on a short term basis differently than those who rent their properties for longer durations.

{¶23} We agree with the Sedenskys to the extent that the *Marra* decisions were not procedurally on point with the present case and did not address the same constitutional challenges as those raised by the Sedenskys. *Marra I* was an administrative appeal from the BZA's determination, and the trial court's decision did not reach any constitutional issues. *Marra II* involved an appeal to this court from the judgment issued in *Marra I*, and this court did not decide any constitutional issues. In *Marra III*, although

Case No. 2025-G-0012

the trial court addressed certain constitutional issues raised by the property owner in her counterclaim for an injunction, those constitutional challenges were not the same as those raised in the present case.

{¶24} Therefore, the trial court erred in concluding that the *Marra* cases addressed the same constitutional challenges as those advanced in the present case. However, "'[p]erhaps the most basic rule of appellate procedure is that "in order to secure reversal of a judgment, [appellants] must not only show some error but must also show that that error was prejudicial to [them].""" *State ex rel. Yost v. FirstEnergy Corp.*, 2024-Ohio-101, ¶ 36, quoting *State v. Haynes*, 2022-Ohio-4473, ¶ 38 (DeWine, J., dissenting), quoting *Smith v. Flesher*, 12 Ohio St.2d 107, 110 (1967).

{¶25} Here, prior to, and independent of, its discussion of the *Marra* cases in the February 28, 2025 judgment entry, the trial court addressed the Sedenskys' constitutional challenges. Therein, the trial court concluded that the zoning regulations were reasonable and advanced the government's legitimate interests, which included preserving the rural character of the township. The trial court held that the Sedenskys "failed their burden to prove unconstitutionality beyond fair debate."

{¶26} The trial court then went on to discuss the *Marra* cases "[i]rrespective of" the discussion of the Sedenskys' challenges. Accordingly, the trial court considered the Sedenskys' counterclaims independent of the *Marra* decisions. Given that the trial court considered the Sedenskys' constitutional challenges on the merits, we cannot discern how the trial court's separate reliance on the *Marra* cases for application of stare decisis resulted in prejudice to the Sedenskys.

{¶27} In the Board's answer brief, it also stresses that the trial court's judgment did not solely rely on the *Marra* decisions but, instead, addressed the constitutional issues relevant to the Sedenskys' counterclaim.

{¶28} In their reply brief, the Sedenskys maintain that the trial court was precluded from entering judgment on the merits of the declaratory judgment claim at the summary judgment stage of proceedings, and they argue that the trial court's language indicates that it improperly weighed the evidence in determining that the ATZR was constitutional.

{¶29} However, the Sedenskys did not assign any error or present any argument in their appellant's brief that the trial court improperly granted summary judgment to the Board on their counterclaims; that the Board failed to meet its initial burden of demonstrating that no triable issue remained as to the Sedenskys' counterclaims; that the Sedenskys met their reciprocal burden of establishing a triable issue remained as to the counterclaims; or that the trial court impermissibly weighed evidence in favor of the Board when granting its motion for summary judgment. To the extent that the Sedenskys attempt to raise such arguments in their reply brief, we will not review such arguments, as "[a]n appellant may not use a reply brief to raise new issues or assignments of error." (Citation omitted.) *Oko v. Lake Erie Corr. Inst.*, 2010-Ohio-2821, ¶ 15, fn. 1 (11th Dist.).

{¶30} Accordingly, because the Sedenskys have not established prejudice resulting from the trial court's error in relying on the *Marra* decisions, their first assigned error lacks merit.

{¶31} In their second assigned error, the Sedenskys maintain that, because the trial court improperly relied on the *Marra* cases, a live controversy exists regarding the

constitutionality of the ATZR, and thus its claim for declaratory judgment should not have been dismissed.

{¶32}   While we agree that "dismissal" of the declaratory judgment claim was not warranted, the trial court resolved the controversy by determining that the Sedenskys had not met their burden of establishing that the ATZR was unconstitutional, and, as discussed above, its judgment in this regard was independent of its reliance on the *Marra* cases. Thus, the trial court entered judgment on the merits with respect to the declaratory judgment counterclaim, and its later statement that the declaratory judgment counterclaim was "dismissed" was harmless. *See Weyandt*, 112 Ohio App.3d at 721.

{¶33}   Therefore, the Sedenskys' second assigned error lacks merit.

{¶34}   The judgment is affirmed.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2025-G-0012

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellants' assignments of error lack merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against appellants.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.